■ Terrence McCullum, Appellant, v Barrington Company & 309 56th Street Company et al., Respondents and Third-Party Plaintiffs-Respondents. Westinghouse Elevator Co., Third-Party Defendant-Respondent. [597 NYS2d 295] —Order, Supreme Court, New York County (Edward Greenfield, J.), entered on or about January 30, 1992, which granted defendants' motion and cross-motion for summary judgment dismissing the complaint and denied plaintiff's cross-motion for summary judgment as to liability, unanimously affirmed, without costs.

The plaintiff was allegedly injured because of a defect in an elevator that he was to repair. He has no cause of action under Labor Law § 240 (1) because his work did not involve "contemplated hazards related to the effects of gravity inherent in the particular task being performed" *(Oden v Chemung County Indus. Dev. Agency,* 183 AD2d 998, 999). Labor Law § 241 (6) is inapplicable because there was no showing that "a violation of a safety regulation promulgated pursuant to Labor Law § 241 (6) was the proximate cause of the accident" *(Ares v State of New York,* 80 NY2d 959, 960). There is no cause of action under Labor Law § 200 because "[n]o responsibility rests upon an owner of real property to one hurt through a dangerous condition which he has undertaken to fix" *(Kowalsky v Conreco Co.,* 264 NY 125, 128). Accordingly, summary judgment was properly granted. Concur—Sullivan, J. P., Carro, Milonas, Kupferman and Ross, JJ.