■ SAMMY SANDERS, Appellant, v TDX CONSTRUCTION CORP., Defendant and Third-Party Plaintiff-Respondent. WISE EXCAVATING CO., INC., Third-Party Defendant-Respondent. [612 NYS2d 915] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Rutledge, J.), dated April 27, 1992, which treated as a motion for reargument his motion to vacate his default in opposing the separate motions of the defendant and third-party defendant for summary judgment, which motions were granted by order of the same court dated November 18, 1991, and upon granting reargument thereupon adhered to the original determination dismissing the complaint.

Ordered that the order is affirmed, with one bill of costs.

Contrary to the plaintiff's contention, the Supreme Court correctly determined that he could not recover against the defendant TDX Construction Corp. (hereinafter TDX) under Labor Law § 200, since he was injured through the dangerous condition which he had undertaken to eliminate *(see, Kowalsky v Conreco Co.,* 264 NY 125; *McCullum v Barrington Co. & 309 56th St. Co.,* 192 AD2d 489). In addition, there is no evidence that TDX exercised supervisory control or had any input into how the work was to be performed *(see, Lombardi v Stout,* 80 NY2d 290, 295).

Further, the plaintiff does not have a cause of action under Labor Law § 240 (1) because his work did not involve the contemplated elevation-related hazards for which that section was designed and his alleged injuries did not directly flow from the effects of the force of gravity *(see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 500; *Rocovich v Consolidated Edison Co.,* 167 AD2d 524, *affd* 78 NY2d 509).

Finally, the plaintiff's allegations are insufficient to give rise

to a triable claim for damages under Labor Law § 241 (6) *(see, Ross v Curtis-Palmer Hydro-Elec. Co., supra,* at 502; *Simon v Schenectady N. Cong. of Jehovah's Witnesses,* 132 AD2d 313). Sullivan, J. P., Joy, Hart and Krausman, JJ., concur.