■ ANGELO LANZILOTTA et al., Respondents, v LIZBY ASSOCIATES, Appellant and Third-Party Plaintiff-Appellant. FLYNN-HILL ELEVATOR CORP., Third-Party Defendant-Respondent. [629 NYS2d 18] —Order, Supreme Court, New York County (Angela M. Mazzarelli, J.), entered on or about October 4, 1994, which, after a search of the record, granted summary judgment to plaintiff as to liability pursuant to Labor Law § 200 and directed an assessment of damages, unanimously reversed, on the law, without costs or disbursements, and summary judgment denied.

On August 22, 1983, plaintiff, an elevator mechanic employed by third-party defendant Flynn-Hill Elevator Corp., accompanied by his helper, Wessel, was dispatched to defendant Lizby Associates' building to replace safety edges and door locks on an elevator. It was company policy to call ahead and advise the owner or managing agent that repair personnel would be on the premises. The proper procedure was to cut off the power prior to performing work so that the repairmen could perform the work safely. At his deposition, submitted in opposition to Lizby's motion for summary judgment, however, plaintiff's supervisor had no direct recollection of making such a call on this particular day. Plaintiff also submitted in opposition to the motion an affidavit from Wessel in which he stated that when he and plaintiff arrived at the building the superintendent was not there as they had been led to believe, that they were unable to gain entry to the motor room to cut off the power and that they commenced the elevator repair without shutting off the power. About ten minutes after they began, the elevator door suddenly closed on plaintiff's head, causing him injury. Plaintiff's supervisor had testified that it was against company policy to "jump the switch". The IAS Court granted defendant's motion for summary judgment as to plaintiff's Labor Law § 240 (1) and § 241 (6) claims but denied it as to his section 200 claim. On searching the record, the court awarded plaintiff partial summary judgment on liability as to that cause of action on the basis of the superintendent's failure to allow plaintiff access to the motor room for the purpose of shutting off the power. The court found that this constituted a failure to provide a safe place to work. We reverse.

The IAS Court properly found that Labor Law § 240 (1) and

§ 241 (6) are inapplicable to the accident but erred, in our view, in holding, as a matter of law, that Lizby, with notice of and control over the method of repair, prevented plaintiff and Wessel from using the requisite safety procedures for the repair, thereby violating Labor Law § 200. Labor Law § 200 is nothing more than a codification of the common law imposed on an owner or general contractor to provide construction workers with a safe place to work. (*Russin v Picciano & Son*, 54 NY2d 311, 316-317.) We have previously held that section 200 imposes no responsibility upon an owner of property " 'to one hurt through a dangerous condition which he has undertaken to fix' ". (*McCullum v Barrington Co. & 309 56th St. Co.*, 192 AD2d 489, quoting *Kowalsky v Conreco Co.*, 264 NY 125, 128.) The IAS Court distinguished *McCullum*, citing Lizby's notice of and control of the repair. On this record, however, a question of fact exists as to whether Lizby ever received the claimed customary notice that a repair was to be done. There is also the question, irrespective of whether notice was given, of whether plaintiff made a reasonable attempt to locate the superintendent in order to gain access to the motor room as well as the issue of comparative negligence by virtue of plaintiff's undertaking the repair without shutting off the power. Given the circumstances, the latter issue is inextricably interwoven into the liability aspect of the case. (*Compare, Normoyle v New York City Tr. Auth.*, 181 AD2d 498.) Concur—Sullivan, J. P., Rosenberger, Wallach, Kupferman and Nardelli, JJ.