■ FLOYD WOLFE et al., Respondents, v D. BROOKS TEELE et al., Appellants. [636 NYS2d 198] —Spain, J. Appeal from an order of the Supreme Court (Keniry, J.), entered April 3, 1995 in Saratoga County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff Floyd Wolfe (hereinafter Wolfe) slipped and fell on an icy parking lot at the offices of his employer. The slip and fall occurred while Wolfe, acting within his scope of employment, was sanding the parking lot in an attempt to eliminate the icy conditions. Plaintiffs commenced this personal injury action against the owners of the premises; Wolfe's employer was the lessee of the premises. Defendants moved for summary judgment dismissing the complaint, *inter alia*, on the basis that an individual cannot recover in a common-law personal injury action as a result of being injured by the specific hazard the individual had undertaken to eliminate. Defendants appeal the denial of their motion.

We reverse. The Court of Appeals has held that the owners of real property are not responsible to one injured through a dangerous condition which condition the injured individual had set about to remedy (*see, Kowalsky v Conreco Co.*, 264 NY 125). Here, Wolfe was in the act of spreading sand over the icy parking lot with a shovel when he slipped on the very icy condition he was undertaking to eliminate. Under these circumstances, there is no common-law negligence cause of action against the owners of the parking lot (*see, Sanders v TDX Constr. Corp.*, 203 AD2d 353; *McCullum v Barrington Co. & 309 56th St. Co.*, 192 AD2d 489). Accordingly, the order must be reversed and defendants' motion for summary judgment dismissing the complaint granted.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendants and complaint dismissed.