OPINION OF THE COURT
Herbert A. Posner, J.
This is a personal injury action in which the plaintiff, Paul Lindstedt, alleges that he was injured in an elevator accident on January 29, 1991 at a building located at 813 Park Avenue, New York, New York. At the time of the accident, the building owned by the defendant, 813 Associates, was under renovation. The defendant, Ryder Construction, Inc., was the general contractor and the third-party defendant, Otis Elevator Company, was retained as a subcontractor to modernize the elevators.
The plaintiff, Paul Lindstedt, who was employed by the third-party defendant, Otis Elevator Company, was sent to the building to repair one of two existing elevators. This elevator was not being renovated at the time and according to the plaintiff, it was being used to transport materials and personnel for the renovation work. Plaintiff claims he was injured, while riding in the elevator car, when it failed to stop at the designated floor and dropped 10 floors to the elevator pit before stopping on the buffer springs.
The plaintiffs seek summary judgment under Labor Law § 240 based upon defendants’ failure to provide safe and proper hoists. The defendants and third-party defendant cross-move for summary judgment dismissing plaintiffs’ complaint or, in the alternative, for partial summary judgment dismissing plaintiffs’ claims under the Labor Law.
In Rocovich v Consolidated Edison Co. (78 NY2d 509, 513), the Court of Appeals, discussing the applicability of Labor Law § 240, observed that: "Manifestly, a violation of the statute cannot 'establish liability if the statute is intended to protect against a particular hazard, and a hazard of a different kind is the occasion of the injury’ (DeHaen v Rockwood Sprinkler Co., 258 NY 350, 353).” The Court then went on to conclude that Labor Law § 240 affords protection only against special hazards *275 "related to the effects of gravity where protective devices are called for either because of a difference between the elevation level of the required work and a lower level or a difference between the elevation level where the worker is positioned and the higher level of the materials or load being hoisted or secured.” (78 NY2d, at 514.) Thereafter, in Ross v Curtis-Palmer Hydro-Elec. Co. (81 NY2d 494, 501) the Court of Appeals explained that: "The 'special hazards’ to which we referred in Rocovich, however, do not encompass any and all perils that may be connected in some tangential way with the effects of gravity. Rather, the 'special hazards’ referred to are limited to such specific gravity-related accidents as falling from a height or being struck by a falling object that was improperly hoisted or inadequately secured (see, DeHaen v Rockwood Sprinkler Co., 258 NY 350). In other words, Labor Law § 240 (1) was designed to prevent those types of accidents in which the scaffold, hoist, stay, ladder or other protective device proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person. The right of recovery afforded by the statute does not extend to other types of harm, even if the harm in question was caused by an inadequate, malfunctioning or defectively designed scaffold, stay or hoist.”
The elevator which the plaintiff, Paul Lindstedt, was repairing at the time of the accident involved in this case was an existing elevator in the building being renovated and the plaintiff’s accident was caused by the elevator’s failure to stop before reaching the buffer springs and not by the defendants’ failure to provide the safety devices specified in the statute as in Carr v Perl Assocs. (201 AD2d 296). Thus, it is clear that the right of recovery afforded by Labor Law § 240 does not extend to the claim for injuries sustained by the plaintiff, Paul Lindstedt, which does not involve a specific gravity-related accident "as falling from a height or being struck by a falling object.” (See, McCullum v Barrington Co., 192 AD2d 489.)
Labor Law § 241 (6) is also not available to the plaintiff, Paul Lindstedt, who was not employed in an area in which construction, excavation or demolition work was being performed but rather was engaged in repairing an existing elevator. (See, Vilardi v Berley, 201 AD2d 641.) Plaintiff’s claim under this statute must also fail because of the inadequacy of his allegations regarding the regulations purportedly breached. Only a violation of provisions containing specific commands and standards create duties that are nondelegable. (Ross v *276 Curtis-Palmer Hydro-Elec. Co., supra, at 501-505.) The regulation regarding brakes set forth in 12 NYCRR 23-6.1 (j) applies only to a material hoist and the elevator the plaintiff, Paul Lindstedt, was repairing did not come within that definition.
The remaining claims of the plaintiffs are based on common-law negligence and recovery "cannot be had unless it is shown that the party to be charged exercised some supervisory control over the operation.” (Ross v Curtis-Palmer Hydro-Elec. Co., supra, at 505; Allen v Clautier Constr. Corp., 44 NY2d 290, 299.) Dismissal of these claims is held in abeyance pending the completion of discovery which may lead to evidence that defendants’ "employees did exercise actual supervision or control over plaintiff’s worksite (see, CPLR 3212 [f]).” (Ross v Curtis-Palmer Hydro-Elec. Co., supra, at 506.)
Accordingly, the plaintiffs’ motion for summary judgment under Labor Law § 240 is denied and the cross motions of defendants and third-party defendant for summary judgment are granted to the extent that plaintiffs’ claims under Labor Law §§ 240 and 241 (6) are dismissed. The cross motions of defendants and third-party defendant for dismissal of plaintiffs’ remaining claim based on common-law negligence are held in abeyance pending completion of discovery.