■ MARTIN FARRELL, Respondent, v CITY OF NEW YORK, Defendant, and AFCO PRECAST CORP. et al., Appellants. (And a Third-Party Action.) [641 NYS2d 342] —In a negligence action to recover damages for personal injuries, (1) the defendant AFCO Precast Corp. appeals from an order of the Supreme Court, Richmond County (Leone, J.), dated June 3, 1994, which, upon granting the plaintiff's motion for reargument of the branch of its motion which was for summary judgment against it on the issue of liability, granted that branch of the plaintiff's motion, and (2) the defendant George W. Gordon, Jr., d/b/a Tasmanian Transporters appeals from so much of an order of the same court, dated November 18, 1994, as, upon granting the branch of the plaintiff's motion which was to resettle so much of a prior order of the same court dated March 29, 1994, as granted the branch of the plaintiff's prior motion which was for summary judgment against him on the issue of liability, resettled the order to include a decretal paragraph directing entry of a judgment in favor of the plaintiff on the issue of liability. The appeals bring up for review so much of the order dated November 18, 1994, as, upon granting the plaintiff's motion to resettle the orders dated March 29, 1994, and June 3, 1994, resettled the order dated June 3, 1994, to include a decretal paragraph directing entry of a judgment in favor of the plaintiff and against the defendant AFCO Precast Corp. on the issue of liability (*see,* CPLR 5517 [b]).

Ordered that the appeal from the order dated June 3, 1994, is dismissed, without costs or disbursements, as that order was superseded by the resettled order dated November 18, 1994; and it is further,

Ordered that the order dated November 18, 1994, is reversed insofar as appealed from and reviewed, on the law, with one bill of costs to the appellants, the order dated June 3, 1994, is vacated, so much of the order dated March 29, 1994, as granted the branch of the plaintiff's motion which was for summary judgment on the issue of liability against the defendant George W. Gordon, Jr., d/b/a Tasmanian Transporters is vacated, and

the branches of the plaintiff's motion which were for summary judgment on the issue of liability against the defendants George W. Gordon, Jr., d/b/a Tasmanian Transporters and AFCO Precast Corp. are denied.

The plaintiff was injured when he fell nearly ten feet during his performance of a construction job. In granting the branch of the plaintiff's motion which was for summary judgment as to the defendant George W. Gordon, Jr., d/b/a Tasmanian Transporters (hereinafter Gordon), the Supreme Court incorrectly found that there was no issue as to the plaintiff's comparative negligence. There was testimony at an examination before trial that the plaintiff's position on top of a raised concrete catch basin which was atop of a flat-bed truck, was unsafe and unnecessary for the performance of his construction job. While it is true that Gordon's actions—backing up the truck while the plaintiff was perched in this position—were a cause of the plaintiff's accident, a trial is necessary to determine whether and in what share the plaintiff's actions were also responsible for his injury (*see, Lanzilotta v Lizby Assocs.*, 216 AD2d 229; *American Home Assur. Co. v Mainco Contr. Corp.*, 204 AD2d 500; *Rios v Nicoletta*, 119 AD2d 562).

The court did not improvidently exercise its discretion in granting reargument so that the plaintiff could raise the issue of the application of Vehicle and Traffic Law § 388. However, any assessment of the defendant AFCO Precast Corp.'s vicarious liability pursuant to that statute, as the owner of the trailer which was attached to Gordon's tractor, must await a determination of the issue of the plaintiff's comparative negligence. Balletta, J. P., Thompson, Pizzuto and Altman, JJ., concur.