■ PAUL LINDSTEDT et al., Appellants, v 813 ASSOCIATES, Defendant and Third-Party Plaintiff-Respondent, and RYDER CONSTRUCTION, INC., Respondent. OTIS ELEVATOR COMPANY, Third-Party Defendant-Respondent. [656 NYS2d 319] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Queens County (Posner, J.), dated April 17, 1996, as denied their motion for summary judgment under Labor Law § 240 and granted the defendants' and the third-party defendant's separate cross motions for summary judgment dismissing the causes of action asserted in the complaint seeking to recover damages based upon violations of Labor Law §§ 240 and 241 (6).

Ordered that the order is modified, on the law, by deleting the provision thereof reserving decision on the branch of the motion by the defendant 813 Associates which was for summary judgment on the cause of action asserted under Labor Law § 200 and, upon searching the record, substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the respondents.

The plaintiff Paul Lindstedt, an elevator mechanic employed by the third-party defendant Otis Elevator Company, was allegedly injured while operating an elevator that he was

directed to repair. The elevator failed to stop at the designated floor, but descended 10 floors where it was stopped by the buffer springs in the bottom of the elevator shaft.

The Supreme Court properly granted the defendants' and third-party defendant's separate cross motions for summary judgment dismissing the plaintiffs' causes of action pursuant to Labor Law § 240 (1) and § 241 (6). The plaintiffs cannot recover under Labor Law § 240 (1) because the injured plaintiff's work did not involve elevation-related hazards for which the section was designed. Moreover, his injuries did not result from an inadequate scaffold, hoist, stay, ladder, or other protective device designed "to shield the injured *worker from harm directly flowing from the application of the force of gravity to an object or person*" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501).

Further, the plaintiffs cannot recover under Labor Law § 241 (6) because there was no showing that "a violation of a safety regulation promulgated pursuant to Labor Law § 241 (6) was the proximate cause of the accident" (*Ares v State of New York*, 80 NY2d 959, 960; *see, McCullum v Barrington Co. & 309 56th St. Co.*, 192 AD2d 489).

This Court may search the record with respect to the nonappealing defendant-landowner 813 Associates. It is settled that summary judgment may be granted to a nonappealing party so long as the party to whom it is granted moved for such relief in the trial court (*see, Dunham v Hilco Constr. Co.*, 89 NY2d 425; *Sciangula v Mancuso*, 204 AD2d 708, 709). Upon searching the record, this Court finds that the defendant-landowner's motion for summary judgment under Labor Law § 200 should have been granted since the plaintiff was injured by the same dangerous condition he was called upon to remedy (*see, Sanders v TDX Constr. Corp.*, 203 AD2d 353). Bracken, J. P., Pizzuto, Florio and McGinity, JJ., concur.