■ TERRENCE NEVINS, Appellant, v ESSEX OWNERS CORP., Respondent and Third-Party Plaintiff-Respondent. ACCELL ELEVATOR OPERATIONS, INC., Third-Party Defendant-Respondent. [687 NYS2d 114] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered January 21, 1998, denying plaintiff's motion for summary judgment on the issue of liability on the Labor Law § 241-a claim, unanimously modified, on the law, and upon our search of the record, summary judgment granted to defendant dismissing the Labor Law § 241-a claim, and otherwise affirmed, without costs.

The basic facts are uncontroverted. Plaintiff was employed by third-party defendant as a mechanic conducting elevator renovation services for defendant owner. Plaintiff, while in the bottom of the elevator pit, was testing whether the moving elevator would clear an angle iron or a bracket he had installed in the elevator shaft approximately four feet from the bottom of the pit. To do so, he activated a "run station," or a remote control box, to move the elevator into place alongside the angle iron. The run station has two switches, a directional button and a power switch, both of which must be depressed to allow the elevator to run. Although plaintiff deactivated both switches as the descending elevator reached the desired location, about four feet above floor level, the elevator, rather than stopping, continued to the bottom, crushing him and causing severe injuries. Plaintiff commenced this personal injury action sounding in common-law negligence and violations of Labor Law §§ 240, 241 (6) and § 241-a and, insofar as is presently applicable, moved for summary judgment on the section 241-a claim by reason of the absence of planking. It is undisputed

that no planking was employed in the elevator shaft for the renovation work.

The IAS Court denied summary judgment to plaintiff, finding factual issues as to whether this renovation rose to the level of construction or demolition activities as required by the statute and whether the use of planking might even have obstructed the work from being done. However, there was an adequate basis for the court to have dismissed the claim as a matter of law.

Labor Law § 241-a provides that workers "in or at elevator shaftways * * * in the course of construction or demolition shall be protected by sound planking * * * laid across the opening at levels not more than two stories above and not more than one story below [them]." The statute, by its terms, does not apply to this situation. The point of the planking is to protect the construction worker either from falling through the shaft for more than one story (*cf., Fuller v Catalfamo*, 223 AD2d 850 [plaintiff fell two stories through stairwell opening at construction site]; *cf., Anarumo v Terminal Constr. Corp.*, 143 AD2d 616 [while engaged in construction work, worker fell through unplanked open stairwell to basement]) or from falling debris or other materials during construction, neither of which circumstance occurred here. In this sense, section 241-a is analogous to the scaffolding provisions of Labor Law § 240 (1). Further, even the two-floor distance specified in the statute would have taken this case out of a section 241-a context; planking two floors above plaintiff would have been an irrelevant protection for plaintiff, and the statute does not require less than a two-floor distance.

Although plaintiff argues that the elevator was the falling object, the elevator did not "fall," but was in descent while under plaintiff's control; a possible electronic malfunction interfering with plaintiff's continued control does not give rise to a section 241-a claim. In any event, since it is not "clear that but for the lack of overhead protection, the plaintiff would not have suffered injury" (*Santos v Sure Iron Works*, 166 AD2d 571, 573), plaintiff's own control of the agency of his injuries defeats any claim of proximate cause for section 241-a purposes (*cf., Anarumo v Terminal Constr. Corp., supra; see also, Vanerstrom v Strasser*, 240 AD2d 563 [maintenance worker, standing under elevator to open trap door, rather than returning first to motor room to shut off elevator; Labor Law claims dismissed]) arising from the absence of planking. Concur—Williams, J. P., Tom, Wallach and Mazzarelli, JJ.