■ ANTHONY PISCIOTTA et al., Appellants-Respondents, v ST. JOHN's HOSPITAL et al., Respondents-Appellants, and LEON D. DeMATTEIS CONSTRUCTION CORP., Defendant and Third-Party Plaintiff-Respondent-Appellant. SCHINDLER ELEVATOR CORP., Third-Party Defendant-Respondent. [702 NYS2d 339] —In an action to recover damages for personal injuries, etc., (1) the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Davis, J.), dated October 8, 1998, as denied their motion for summary judgment on their cause of action under Labor Law § 240 (1), as premature, (2) the defendants St. John's Hospital and Catholic Medical Center of Brooklyn & Queens, Inc., cross-appeal, as limited by their brief, from so much of the same order as denied (a) their cross motion for summary judgment on the issue of indemnity on their cross claim against the defendant third-party plaintiff Leon D. DeMatteis Construction Corp, (b) their separate cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and (c) their separate cross motion to vacate the note of issue, and (3) the defendant third-party plaintiff, Leon D. DeMatteis Construction Corp., cross-appeals, as limited by its brief, from so much of the same order as denied (a) its cross motion for summary judgment on the issue of indemnity against the third-party defendant Schindler Elevator Corp. and (b) its separate cross motion for summary judgment dismissing the complaint and all cross claims and counterclaims insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the respective cross motions of the defendants St. John's Hospital and Catholic Medical Center of Brooklyn & Queens, Inc., and Leon D. DeMatteis Construc-

tion Corp. which were for summary judgment dismissing the complaint, cross claims, and all counterclaims insofar as asserted against them and substituting therefor provisions granting those cross motions; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The Supreme Court should have granted the respective cross motions of the defendants, St. John's Hospital and Catholic Medical Center of Brooklyn & Queens, Inc. (hereinafter St. John's) and Leon D. DeMatteis Construction Corp. (hereinafter DeMatteis) to dismiss the complaint, cross claims, and counterclaims insofar as asserted against them.

The injured plaintiffs Anthony Pisciotta and Robert Lewandowski (hereinafter the injured plaintiffs), cannot recover under Labor Law § 240 (1) because their work did not involve an elevation-related hazard contemplated by the statute (*see, Lindstedt v 813 Assocs.,* 238 AD2d 386). Moreover, their injuries did not result from an inadequate scaffold, hoist, stay or ladder, or other protective device designed "to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person" (*Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 501).

The injured plaintiffs' cause of action pursuant to Labor Law § 241-a also must be dismissed because the work they were performing did not involve construction or demolition of a building (*see, Shields v St. Marks Hous. Assocs.,* 230 AD2d 903), and their injuries did not result from a fall down the elevator shaft or falling debris (*see, Nevins v Essex Owners Corp.,* 259 AD2d 384).

Additionally, the injured plaintiffs' cause of action pursuant to Labor Law § 241 (6) must be dismissed because the only Industrial Code provision upon which they relied, i.e., 12 NYCRR 23-1.7 (f), was not specifically pleaded and, in any event, is not applicable to the facts of this case because the injured plaintiffs were not hurt as the result of a fall from the elevator platform.

The injured plaintiffs' cause of action under Labor Law § 200 also must be dismissed because there is no evidence in the record that St. John's or DeMatteis exercised supervision and control over the work performed or that they had actual or constructive notice of a dangerous condition (*see, Cappello v Cardinal Dev. Corp.,* 213 AD2d 365).

In light of our determination, the parties' remaining contentions are academic. Ritter, J. P., Friedmann, Feuerstein and Schmidt, JJ., concur.