OPINION OF THE COURT
Barbara R. Kapnick, J.
Plaintiff Gil Sharp seeks to recover damages for personal injuries he allegedly sustained on October 31, 1996 while work *255 ing as an elevator mechanic. Plaintiff was allegedly directed by his supervisor at Millar Elevator to take elevator 35 at 40 Wall Street, which had not run for approximately 16 years, out of service. The elevator cab on which he was standing and working fell approximately 30 feet after he cut the cables holding the elevator based on his mistaken belief that the elevator had already landed on the bottom of the dark shaft.
Defendant 40 Wall Street Development Associates, the owner of the premises, now moves for summary judgment dismissing plaintiffs’ claims pursuant to Labor Law §§ 200, 240 (1); §§ 241-a and 241 (6) and for violation of Occupational Safety and Health Administration (OSHA) regulations.
Plaintiffs cross-move for an order (i) granting summary judgment on their claims pursuant to Labor Law § 240 (1) and § 241-a, and (ii) granting them leave to serve a supplemental bill of particulars to assert violations of rule 23 of the Industrial Code (12 NYCRR subpart 23-1).
That portion of defendant’s motion seeking summary judgment dismissing plaintiffs’ claims pursuant to Labor Law § 200 and for common-law negligence is granted, as there is no proof that defendant either supervised and/or controlled plaintiff’s work and/or that it was otherwise negligent with respect to the happening of plaintiff’s accident.
Defendant next argues in support of that branch of its motion seeking summary judgment dismissing plaintiffs’ claim pursuant to Labor Law § 240 (1) (and in opposition to plaintiffs’ cross motion for summary judgment on that claim) that “the injured plaintiff’s work did not involve elevation-related hazards for which the section was designed” and “his injuries did not result from an inadequate scaffold, hoist, stay, ladder, or other protective device designed ‘to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person’ (Ross v Curtis-Palmer HydroElec. Co., 81 NY2d 494, 501) * * * .” (See, Lindstedt v 813 Assoc., 238 AD2d 386, 387 [2d Dept 1997], appeal dismissed 90 NY2d 1007 [1997], rearg denied 91 NY2d 867 [1997].)
However, the instant case — where the plaintiff was standing on the elevator car itself with no alternate planking or platform — is distinguishable from Lindstedt where the injured plaintiff was riding inside an elevator which failed to stop at the designated floor.
Moreover, in the instant case, plaintiff was not provided with a safety harness or any other device “to shield plaintiff from *256 the harm which flowed directly from the application of the force of gravity to his person” (Kyle v City of New York, 268 AD2d 192, 198 [1st Dept 2000]).
Therefore, strict liability, as set forth in Labor Law § 240 (1), attaches and “any alleged negligence on the part of the plaintiff [is] irrelevant.” (Kyle v City of New York, supra at 196.) Thus, that portion of defendant’s motion which seeks to dismiss plaintiffs’ claim pursuant to Labor Law § 240 (1) is denied, and that branch of plaintiffs’ cross motion seeking summary judgment on said claim is granted.
That portion of defendant’s motion seeking summary judgment dismissing plaintiffs’ claim pursuant to Labor Law § 241-a (“Protection of workmen in or at elevator shaftways, hatchways and stairwells”), which mandates that “[a]ny men working in or at elevator shaftways * * * of buildings in course of construction or demolition shall be protected by sound planking at least two inches thick laid across the opening at levels not more than two stories above and not more than one story below such men, or by other means specified in the rules of the board,” is granted, and that portion of plaintiffs’ cross motion seeking summary judgment on said claim is denied, as this provision is not applicable to the facts of this case where planking would not have protected plaintiff from falling through the shaft for more than one story. (See, Nevins v Essex Owners Corp., 259 AD2d 384, 385 [1st Dept 1999], lv denied 96 NY2d 705 [2001]; Pisciotta v St. John’s Hosp., 268 AD2d 465 [2d Dept 2000], lv denied 95 NY2d 763 [2000].)
That portion of plaintiffs’ cross motion seeking leave to supplement their bill of particulars to allege violations of section 23-2.5 (b) (2) and section 23-2.5 (b) (5) of the Industrial Code is denied, since said sections are similarly not applicable to the facts of this case.
That portion of defendant’s motion seeking summary judgment dismissing plaintiffs’ claim pursuant to Labor Law § 241 (6) is, therefore, granted.
Finally, that portion of defendant’s motion seeking summary judgment dismissing plaintiffs’ claim based on alleged violations of OSHA regulations is granted on consent.
Accordingly, based on the papers submitted and the oral argument held on the record on August 28, 2002, it is hereby ordered that plaintiffs’ claims pursuant to Labor Law §§ 200, *257 241-a and. 241 (6) and for violation of OSHA regulations are dismissed with prejudice, and it is further ordered that plaintiffs are granted summary judgment on the issue of liability on their claim pursuant to Labor Law § 240 (1).