■ GIL SHARP et al., Respondents, v SCANDIC WALL LIMITED PARTNERSHIP et al., Defendants, and 40 WALL STREET DEVELOPMENT ASSOCIATES, LLC, Appellant. [760 NYS2d 478] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered December 31, 2002, which, inter alia, granted defendant owner's motion for summary judgment dismissing plaintiff's cause of action under Labor Law § 241-a, and granted plaintiff's cross motion for summary judgment as to defendant's liability under Labor Law § 240 (1), unanimously affirmed, without costs.

In connection with the renovation of defendant's building, plaintiff and a coworker were assigned to lower an inoperable elevator into the elevator pit. The task was performed from the top of the elevator cab with a pair of "coffin hoists" that, alternately secured to the elevator guide rails with support brackets, allowed the cab to be lowered five or six feet at a time. When the elevator stopped descending and there was slack in the chains of the hoists, plaintiff thought that the elevator had come to rest on steelwork designed to suspend the car several feet below the lobby floor. He removed the rigging and handed it to his coworker, who had climbed down into the elevator cab. While plaintiff was still on top of the elevator, it suddenly dropped another 30 feet to the steelwork below.

Labor Law § 241-a, which requires that persons working in or at an elevator shaft "be protected by sound planking * * * across the opening at levels not more than two stories above and not more than one story below such [workers], or by other means specified in the rules of the board," is meant to protect workers either from falling through the shaft for more than one story or from being hit from above by falling debris or other materials (see Nevins v Essex Owners Corp., 259 AD2d 384, 385 [1999]). It contemplates an open shaft, not a falling elevator (cf. id.; Antonik v New York City Hous. Auth., 235 AD2d 248 [1997], lv denied 89 NY2d 813 [1997]), and its allowance of means of protection other than planking as may be specified by the board (see 12 NYCRR 23-2.5 [b] [5] [safety belts and harnesses]) does not suggest otherwise. Here, plaintiff was never in danger of falling through the shaft as long as he

remained on top of the elevator, and we therefore reject his contention that he is protected by section 241-a.

Plaintiff, however, is protected by section 240 (1). He was injured because the elevator he was hoisting to the ground fell, and the elevator fell because the hoist he was using, once removed, was not, as the statute requires, "so constructed, placed and operated as to give proper protection." (*Id.*) That the hoist was removed by plaintiff himself is irrelevant as comparative negligence is not a defense to a claim under the Labor Law (*Zimmer v Chemung County Performing Arts,* 65 NY2d 513 [1985]). While the case is unusual in that the load being hoisted was at the same level as the injured worker, it remains that plaintiff's injuries were the immediate result of "the effects of gravity" (*Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 514 [1991]) and the ultimate result of the lack of a hoist properly placed and operated so as to afford the protection required by the statute. Concur—Buckley, P.J., Mazzarelli, Saxe, Williams and Marlow, JJ. [*See* 195 Misc 2d 254.]