■ PATRICK MALLOY, Appellant, v MADISON FORTY-FIVE CO. et al., Respondents. (And a Third-Party Action.) [786 NYS2d 433]—

Order, Supreme Court, New York County (Leland DeGrasse, J.), entered September 18, 2003, which, in an action for personal injuries sustained by a laborer while doing demolition work, granted defendants' motions for summary judgment dismissing the complaint, and denied plaintiff's cross motion for summary judgment on his Labor Law § 240 (1) claim and to strike defendants' answers for failure to appear at depositions, unanimously modified, on the law, to reinstate plaintiff's Labor Law § 240 (1) claim and his Labor Law § 241 (6) claim insofar as it is based on Industrial Code (12 NYCRR) § 23-9.4 (e) and § 23-9.5 (b), and otherwise affirmed, without costs.

Plaintiff was injured during the course of a demolition project at a building owned by defendant Madison Forty-Five Co. (Mad-

ison). At the time of the accident, plaintiff was employed by Condor Exteriors, Inc. (Condor), a demolition subcontractor hired by Madison's main demolition contractor. Madison also hired defendant HRH Construction Co., Inc. (HRH) to perform "pre-construction services" during the demolition phase. There was no formal contract between Madison and HRH despite continuing negotiations, and HRH was eventually replaced by another construction manager for the construction phase.

On the date of the accident, plaintiff was operating a backhoe on the ground floor of the building. His job was to use the backhoe to pick up pieces of steel and other debris from piles on the ground and transfer the same into an adjacent dumpster, the top of which was 10 to 12 feet off the ground and above plaintiff's view. According to plaintiff's deposition testimony, after raising two attached pieces of structural steel off the ground to a position atop the dumpster and releasing them, a piece of steel slid off the top edge of the dumpster and went through the windshield of the backhoe's cab, hitting him in the knee. Plaintiff further testified that prior to commencement of the work, he asked his supervisor, a Condor employee, for a protective cage for the backhoe, which was never provided.

HRH and Madison moved for summary judgment and plaintiff cross-moved for summary judgment on his Labor Law § 240 (1) claim and for an order pursuant to CPLR 3126 striking defendants' answers for failing to comply with discovery orders. Supreme Court granted defendants' motions dismissing the complaint and denied plaintiff's cross motion.

Supreme Court erred in dismissing plaintiff's Labor Law § 240 (1) cause of action. We reject defendants' argument that plaintiff's testimony establishes as a matter of law that any steel that plaintiff was hoisting had already been lowered into the dumpster, and that the accident, therefore, could not have been caused by any improper hoisting methods. Plaintiff's testimony permits the conclusion that defendants' failure to provide adequate hoisting devices forced plaintiff to drop the beams into the dumpster, rather than placing them there, which in turn caused the beams in the dumpster to shift upon release or immediately thereafter. These allegations state a valid claim under Labor Law § 240 (1) (*see Sharp v Scandic Wall Ltd. Partnership*, 306 AD2d 39, 40 [2003] [injury resulting from failure to properly place and operate hoisting device to lower elevator to ground level was covered under section 240 (1)]; *cf. Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268-269 [2001] [Labor Law § 240 (1) did not apply where glass that fell on plaintiff was not a material being hoisted or secured]), and said cause of action is reinstated.

Also improperly dismissed was plaintiff's Labor Law § 241 (6) claim insofar as it is based on Industrial Code (12 NYCRR) § 23-9.4 (e) and § 23-9.5 (b). The former Industrial Code section, which requires that any load handled by a backhoe "be suspended from the bucket or bucket arm by means of wire rope" and that such rope "shall be connected by means of either a closed shackle or safety hook," is applicable to the instant facts. Likewise applicable is section 23-9.5 (b), which provides that "[w]here an operator of an excavating machine may be exposed to an overhead hazard, such equipment shall be provided with a cab or equivalent cover affording protection against such hazard." Contrary to HRH's argument, this provision is not limited to machines actually performing excavation work. In addition, factual issues are raised as to whether the violation of these Industrial Code sections was a proximate cause of plaintiff's injuries.

However, the court properly dismissed the Labor Law § 241 (6) claim premised on a violation of Industrial Code (12 NYCRR) § 23-3.3 (h), which is inapplicable because plaintiff was not dropping the steel beams from a building or other structure at the time of the accident.

Plaintiff's Labor Law § 200 and common-law negligence claims were properly dismissed in the absence of evidence that either defendant site owner or defendant HRH, allegedly the general contractor, controlled or supervised the work plaintiff was performing when injured (*see Rizzo v Hellman Elec. Corp.*, 281 AD2d 258, 259 [2001]). The correspondence on which plaintiff relies to show HRH's management of the site indicates that it kept the prime demolition contractor advised of its safety obligations and of the agreed upon demolition schedule, but contains no indication that HRH was supervising plaintiff's work. Further, plaintiff admitted at his deposition that he never met any HRH personnel at the job site, which further undermines his argument that HRH supervised or controlled his work.

Although plaintiff might have been able to establish such supervision had he taken HRH's deposition, he waived his right thereto by filing a note of issue without express court leave to take the deposition thereafter (*see Abbott v Memorial Sloan-Kettering Cancer Ctr.*, 295 AD2d 136 [2002]). For similar reasons, the court properly exercised its discretion in denying plaintiff's motion to strike defendants' answers for failure to comply with discovery orders. Concur—Tom, J.P., Lerner, Gonzalez and Catterson, JJ.