■ GEORGIO FAVIA et al., Appellants, v WEATHERBY CONSTRUCTION CORP. et al., Respondents, et al., Defendant. [808 NYS2d 675]—

Orders, Supreme Court, Bronx County (Betty Owen Stinson, J.), both entered April 23, 2004, which, to the extent appealed from as limited by the brief, collectively granted the motions of defendants Weatherby Construction Corp., Rome Construction Corp., and 160 West 22 Street, LLC, for summary judgment dismissing plaintiff's Labor Law §§ 200 and 241 (6) claims as against them, unanimously affirmed, without costs.

Plaintiff, a mason tender and bricklayer employed by nonparty Precise Construction, was purportedly injured when cement blocks from a newly completed wall fell on him at the construction site where he was working. The dismissal of his Labor Law § 200 claim as against the contractor and owner defendants was proper inasmuch as the proof raised no triable issue as to whether those defendants had supervision and control of the injury-producing work (*see Rizzuto v L.A. Wenger Contr. Co.*, 91

NY2d 343, 352 [1998]). Indeed, the evidence conclusively established that the alleged hazard, the unstable wall, resulted exclusively from the methods employed by the subcontractor, Precise Construction.

Also properly dismissed as against the contractor and owner defendants was plaintiff's Labor Law § 241 (6) claim, since plaintiff failed to allege, as a predicate for the claim, the violation of any applicable Industrial Code regulation (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505 [1993]). Plaintiff's reliance on 12 NYCRR 23-1.7 (a) (1) and (2) and 12 NYCRR 23-2.2 (a) and (b) is unavailing since the cited provisions, requiring protective measures to guard against falling objects associated with overhead activity and hazards arising in connection with the use of concrete forms and shoring, are without relevance here where the hazard was a completed wall constructed from concrete blocks. Concur—Mazzarelli, J.P., Marlow, Williams, Sweeny and Malone, JJ.