Franklin Hansen, Appellant, v Trustees of the Methodist Episcopal Church of Glen Cove et al., Respondents. [858 NYS2d 303]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Murphy, J.), dated October 10, 2006, as granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging common-law negligence.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants hired the plaintiff, inter alia, to repair portions of the roof of their church building and to replace the gutters and a rotted soffit. While the plaintiff was removing a gutter, a portion of the soffit fell, allegedly injuring him. He commenced this action, asserting claims under the Labor Law as well as a claim alleging common-law negligence. On appeal, his only argument is that the Supreme Court erred in granting that branch of the defendants' motion which was for summary judgment dismissing the common-law negligence cause of action. We affirm the order insofar as appealed from.

Employers have a common-law duty to provide their employees with a safe place to work (*see Gasper v Ford Motor Co.*, 13 NY2d 104, 110 [1963]). The duty, however, does not extend to hazards that are part of, or inherent in, the very work the employee is to perform or defects the employee is hired to repair (*id.*; *see Kowalsky v Conreco Co.*, 264 NY 125, 129-130 [1934]; *Wolfe v Teele*, 223 AD2d 854 [1996]; *Brugnano v Merrill Lynch & Co.*, 216 AD2d 18, 19 [1995]; *Senkbeil v Board of Educ. of City of N.Y.*, 23 AD2d 587, 589 [1965], *affd* 18 NY2d 789 [1966]; *cf. Rosciano v Royal Farms*, 236 AD2d 599 [1997]). Here, the defendants established their entitlement to judgment as a matter of law by submitting evidence sufficient to demonstrate that the plaintiff's alleged injuries were caused by the rotted soffit that he was hired to remove and replace (*see Gasper v Ford Motor Co.*, 13 NY2d at 110; *Wolfe v Teele*, 223 AD2d 854 [1996]; *Senkbeil v Board of Educ. of City of N.Y.*, 23 AD2d at 589). In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562-563 [1980]). Fisher, J.P., Covello, Angiolillo and Belen, JJ., concur.