■ BARBARA BARRIOS, Respondent, v BOSTON PROPERTIES LLC et al., Respondents. JT MAGEN & Co., INC., Third-Party Plaintiff-Respondent, v DONALDSON ACOUSTICS Co., INC., Third-Party Defendant-Appellant. [866 NYS2d 99]—

Order, Supreme Court, Bronx County (Alexander W. Hunter, Jr., J.), entered September 27, 2007, which, to the extent appealed from as limited by the brief, denied third-party defen-

dant's motion for summary judgment dismissing the Labor Law §§ 200 and 241 (6) claims, unanimously modified, on the law, to dismiss the Labor Law § 241 (6) claim, and otherwise affirmed, without costs.

That part of the motion that sought dismissal of the Labor Law § 200 claim was premature, since, as a result of the failure of all defendants to engage in discovery, the identity of the defendant that supervised and controlled the freight elevator into which plaintiff was loading door bucks was within defendants' exclusive knowledge (*see* CPLR 3212 [f]).

However, the Labor Law § 241 (6) claim should have been dismissed because the Industrial Code (12 NYCRR) sections cited by plaintiff as predicates for this claim are inapplicable. The accident occurred on a loading dock or work area, not a "passageway, walkway, stairway or other thoroughfare" (12 NYCRR 23-2.1 [a] [1]; *see Waitkus v Metropolitan Hous. Partners*, 50 AD3d 260 [2008]). A freight elevator is not a "material hoist" as contemplated by the Code (12 NYCRR 23-6.1 [d]; 23-6.3 [e] [3]; 23-1.4 [b] [33]; *see Lindstedt v 813 Assoc.*, 238 AD2d 386 [1997], *lv dismissed* 90 NY2d 1007 [1997], *affg in pertinent part* 167 Misc 2d 273 [1996]). Concur—Tom, J.P., Friedman, Buckley, Acosta and Freedman, JJ.