ELADIO GARCIA, Appellant, v DPA WALLACE AVENUE I, LLC, et al., Defendants/Third-Party Plaintiffs-Respondents. START ELEVATOR, INC., Third-Party Defendant-Respondent. [955 NYS2d 320]—

Plaintiff, an elevator mechanic, was in an elevator pit preparing to dismantle components of the elevator when the "selector tape," a thin strip of metal, broke and "snapped" upwards, cutting his hand. He testified that the breakage of the tape was caused by the loosening of the shift to which the tape was connected, allowing the tape to bend, and the tension put on the tape created by gravitational force on a weight in the overhead room, which essentially acts as a counterweight to keep the tape taut.

Labor Law § 240 (1) is inapplicable to this case. The object upon which the force of gravity was applied, the weight in the overhead room, was not material being hoisted or a load that required securing for the purpose of carrying out plaintiff's undertaking. Rather, it was part of the preexisting structure as it appeared before plaintiff's work began (*see Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268-269 [2001]). The cases cited by plaintiff are distinguishable in that the objects upon which the gravitational force applied were being hoisted as part of the injured plaintiffs' work (*see Runner v New York Stock Exch., Inc.*, 13 NY3d 599 [2009]; *Harris v City of New York*, 83 AD3d 104 [1st Dept 2011]; *Apel v City of New York*, 73 AD3d 406 [1st Dept 2010]; *McLaughlin v Plaza Constr. Corp.*, 2008 NY Slip Op 33042[U] [Sup Ct, NY County 2008]).

Labor Law § 241 (6), as predicated on Industrial Code (12 NYCRR) § 23-1.7 (a) (1), and Labor Law § 241-a are also inapplicable, as plaintiff was not subject to the overhead hazard of falling objects (*see Favia v Weatherby Constr. Corp.*, 26 AD3d 165, 166 [1st Dept 2006]; *Sharp v Scandic Wall Ltd. Partnership*, 306 AD2d 39 [1st Dept 2003]; *Nevins v Essex Owners Corp.*, 259 AD2d 384 [1st Dept 1999], *lv denied* 96 NY2d 705 [2001]). The court properly rejected plaintiff's expert's affidavit, as the affidavit was based only on his review of the deposition testimony, and he did not examine the premises (*Kagan v BFP One Liberty Plaza*, 62 AD3d 531 [1st Dept 2009], *lv denied* 13 NY3d 713 [2009]).

The court also properly dismissed plaintiff's Labor Law § 200 claim. To be held liable under the statute, which is the codification of the common-law negligence standard, an owner must have had the authority to control the activity bringing about the injury (*Russin v Louis N. Picciano & Son*, 54 NY2d 311, 317 [1981]), or actual or constructive notice of the hazardous condition (*see Buckley v Columbia Grammar & Preparatory*, 44 AD3d 263, 272-273 [1st Dept 2007], *lv denied* 10 NY3d 710 [2008]; *Griffin v New York City Tr. Auth.*, 16 AD3d 202 [1st Dept 2005]). The evidence shows that DPA Wallace did not have the authority to control plaintiff's work. The record contains no evidence that DPA Wallace had actual notice of the condition that caused plaintiff's injuries. That DPA Wallace was aware of the elevator's general unsafe condition is insufficient to establish constructive notice of the particular hazardous condition that caused plaintiff's injuries (*see Piacquadio v Recine Realty Corp.*, 84 NY2d 967 [1994]). Concur—Saxe, J.P., Friedman, Acosta, Renwick and Freedman, JJ.