Figueroa v Empire Sewer & Water Inc. (2026 NY Slip Op 01303)

Figueroa v Empire Sewer & Water Inc.

2026 NY Slip Op 01303

Decided on March 10, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 10, 2026

Before: Webber, J.P., Scarpulla, González, Rodriguez, Higgitt, JJ. 

Index No. 159739/18, 595099/19|Appeal No. 6062|Case No. 2025-02228|

[*1]Julian Figueroa, Plaintiff-Respondent,
vEmpire Sewer & Water Inc., Defendant-Respondent, 28-41 Steinway, LLC, Defendant-Respondent-Appellant, Empire Water Main & Sewer Inc., et al., Defendants.

28-41 Steinway, LLC, Third-Party Plaintiff-Respondent-Appellant,
vCorona Ready Mix Inc., Third-Party Defendant-Appellant-Respondent.

Nicoletti Spinner Ryan Gulino Pinter LLP, New York (Matthew G. Corcoran of counsel), for appellant-respondent.
Law Office of Harry C. Demiris, Jr., PC, Garden City (Harry C. Demiris, Jr. of counsel), for respondent-appellant.
Law Office of Neil R. Finkston, Great Neck (Neil R. Finkston of counsel), for Julian Figueroa, respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered March 5, 2025, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on the Labor Law § 241(6) claim insofar as predicated on Industrial Code (12 NYCRR) § 23-9.5(c) as against defendant 28-41 Steinway, LLC (Steinway), denied Steinway's cross-motion for summary judgment dismissing that claim, granted third-party defendant Corona Ready Mix Inc.'s motion for summary judgment dismissing Steinway's claims for contractual indemnification and breach of contract, and denied Corona's motion as to Steinway's common-law indemnification and contribution claims, unanimously modified, on the law, to grant Corona's motion for summary judgment dismissing the common-law indemnification and contribution claims, and otherwise affirmed, without costs.
Steinway, the property owner, hired a contractor to replace sewer pipes in the street. The contractor ordered the delivery of concrete from Corona. Plaintiff, Corona's delivery worker, was injured at the worksite after he approached an excavator to ask the operator to sign the delivery receipt, was instructed to move back and wait, and walked away as directed, when the excavator, moving in reverse, ran over his foot.
As an initial matter, plaintiff is a worker protected under Labor Law § 241(6) because he was making a delivery of concrete to a construction site during ongoing construction work (see Rodriguez v Riverside Ctr. Site 5 Owner LLC, 240 AD3d 452, 453-454 [1st Dept 2025]; Serrano v TED Gen. Contr., 157 AD3d 474, 475 [1st Dept 2018]).
Supreme Court properly concluded that Industrial Code § 23-9.5(c) was violated. The regulation provides, in part, that "[n]o person other than the pitman and excavating crew shall be permitted to stand within range of the back of a power shovel or within range of the swing of the dipper bucket while the shovel is in operation." Here, the excavator ran over plaintiff's foot, indicating that plaintiff was within range of the excavator's arm and bucket attachment. The regulation applies to this case because the excavator's arm and bucket functioned as a "power shovel" with a "dipper bucket" and presented the same danger posed by heavy equipment with a wide radius of movement (see St. Louis v Town of N. Elba, 16 NY3d 411, 416 [2011]; see also Cunha v Crossroads II, 131 AD3d 440, 440-442 [2d Dept 2015]). Contrary to Steinway's assertion, the excavator need not be actively excavating to be "in operation" (Industrial Code § 23-9.5[c]; see Malloy v Madison Forty-Five Co., 13 AD3d 55, 57 [1st Dept 2004]).
The record does not support Steinway's contention that the placement of traffic cones or tape along the worksite's perimeter complied with Industrial Code § 23-9.5(c) or that the contractor otherwise provided reasonable and adequate protection and safety under Labor Law § 241(6). Plaintiff's expert opined that the cones or tape were insufficient to exclude non-excavation workers from the excavator's proximity. The contractor's flag worker and excavator operator, who was also the foreman, permitted plaintiff to approach the excavator before the operator instructed plaintiff to move back and wait. After plaintiff moved a few feet away, the excavator struck him when the operator, who was looking forward, moved in reverse to pick up and place a metal plate over the street. Plaintiff was injured in the excavator's path of travel even though, according to the operator's testimony, an attending flag worker had the authority and ability to stop plaintiff from entering the excavator's proximity. Any comparative negligence by plaintiff does not preclude liability under Labor Law § 241(6) (see Piedra v 111 W. 57th Prop. Owner LLC, 219 AD3d 1235, 1236 [1st Dept 2023]).
The court should have dismissed Steinway's common-law indemnification and contribution claims against Corona. The record does not support the court's conclusion that an issue of fact exists as to whether Corona was negligent in requiring plaintiff to enter an unsafe area of the construction site (see Ellis v JPMorgan Chase Bank N.A., 213 AD3d 486, 487 [1st Dept 2023]). Although Corona's delivery workers were required to obtain a signed delivery receipt, plaintiff testified that he chose to approach the excavator operator, who was still giving orders while other workers began leaving, because he appeared to plaintiff to be a suitable representative.
The court properly dismissed Steinway's claims for contractual indemnification and breach of contract for failure to procure insurance. Steinway was not deprived of the opportunity to address those claims; Corona's motion sought that relief on the ground that there was no agreement between Steinway and Corona.
We have considered the remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 10, 2026