█ GREGORIO ALEJANDRO, Respondent, v. MARKS WOODWORKING MACHINERY Co. INC., Defendant, and FLYNN HILL KNUDSON ELEVATOR CORP., Appellant. — Order of the Appellate Term of the Supreme Court, First Department, entered November 12, 1971, which affirmed a judgment of the Civil Court, Bronx County, after a jury trial before Callahan, J., in favor of the plaintiff in the sum of $2,500 together with costs and disbursements, is affirmed. Respondent shall recover of appellant $60 costs and disbursements of this appeal. On his claim in a negligence action that he sustained injuries to his right hand when the main floor elevator door caught his hand while he was trying to open it, the jury resolved any doubts in favor of the plaintiff as against the elevator repair company. The owner (whom the jury absolved) of the factory building in which the plaintiff worked, after a fire, had called in the defendant Flynn Hill Knudson Elevator Corp. to repair water damage to the elevator equipment. The elevator company had submitted a bill showing, among other things, that it had repaired "main floor and basement door locks". This was approximately one month before the accident. There was sufficient evidence to warrant the jury passing on the issue of fact as to whether Flynn Hill Knudson Elevator Corp. had knowledge of the condition of the elevator and negligently performed the repairs with respect to the elevator door in question. (See *Rogers* v. *Dorchester Assoc.*, 39 A D 2d 878.) It cannot reasonably be said as a matter of law that the jury was in error. (*Kelly* v. *Watson*

*Elevator Co.,* 309 N. Y. 49.) Concur — Stevens, P. J., Kupferman and Capozzoli, JJ.; Markewich and Murphy, JJ., dissent in the following memorandum by Murphy, J.: We disagree since in our view no case of negligence has been established against appellant Flynn Hill Knudson Elevator Corp. ("Flynn Hill"). In this negligence action, plaintiff claimed that he sustained injuries to two fingers of his right hand when the ground floor elevator door in the building where he was employed "slammed back" very quickly while he was trying to open it. After a jury trial, plaintiff recovered judgment against Flynn Hill, which judgment has been affirmed by the Appellate Term. It is undisputed that the building had been closed for several weeks before the accident due to a fire. Appellant was retained to make certain repairs after the fire, but had no service or maintenance contract with the owner of the premises. In order to establish that appellant and its codefendant (the owner of the premises who was exonerated from blame by the jury) had notice of a defective condition, plaintiff testified that before the fire he saw several men working on the lock of this door. It was never satisfactorily established at the trial who these men were, for whom they worked or what they were working on. One of appellant's officers testified that Flynn Hill employees only repaired the electrical switches on certain doors and that the switches do not in any way regulate the manner in which a door closes. The trial court correctly held that the doctrine of *res ipsa loquitur* was not applicable to this case. Accordingly, plaintiff was required to factually demonstrate the negligence he attributed to defendant. This he completely failed to do. No evidence was adduced as to any defect in the door or why it suddenly closed on plaintiff's fingers. Even assuming, *arguendo,* that the men plaintiff saw working on the elevator several weeks prior to the date on which he was injured were employees of Flynn Hill, no actionable negligence was shown. In short, before plaintiff can recover against Flynn Hill he must show more than merely that the elevator door failed to function properly. (Cf. *Koch* v. *Otis Elevator Co.,* 10 A D 2d 464.) By reason of the foregoing, the order and judgment of the Appellate Term and of the Civil Court should be reversed and the complaint dismissed as against defendant Flynn Hill.