■ AIDA SWEENEY-KAMOUH et al., Respondents, v CITY OF NEW YORK et al., Appellants.—Judgment, Supreme Court, New York County (Edward Lehner, J.), entered October 25, 1990, incorporating a jury verdict which awarded $1,300,000 to plaintiff Aida Sweeney-Kamouh for pain and suffering and $85,000 to plaintiff Alex Kamouh for loss of services (both sums reduced by 15%, the amount of negligence attributed to plaintiff), unanimously affirmed, without costs.

Plaintiff, a school teacher, testified that she fell and sustained injuries in her classroom when her feet became entan-

gled in the sash cord of a window blind. On the day of the accident, the shades were all down, and the light near the window was out. After she fell she noticed a shade cord twisted around her feet and a student desk, which she did not notice because the room was dark. Plaintiff further testified that she complained often to the school janitor about inoperable windows and a lack of lighting in the room near the windows due to a failure to replace light bulbs. The custodian admitted at trial that the shades in the school were generally old and in disrepair, and that the shade cords were often cut, thus increasing their length, and the risk that they would fall onto the floor.

Defendant argues that it had no notice that the particular shade cord was on the floor on the day of the accident, or that the cord falling onto the floor was a recurring condition. According to defendant, the cord may have fallen only moments before, in which event there would not have been actual notice (see, e.g., Gordon v American Museum of Natural History, 67 NY2d 836), or the occasional presence of the cord on the floor was not a recurring problem, in which event there would not have been constructive notice (see generally, Rhabb v New York City Hous. Auth., 41 NY2d 200). This argument erroneously attempts to separate the cord from the shade. Notice of the defective shade would have constituted notice of any attendant hazard that was reasonably foreseeable. "That defendant could not anticipate the precise manner of the accident or the exact extent of injuries, however, does not preclude liability as a matter of law where the general risk and character of injuries are foreseeable." (Derdiarian v Felix Contr. Corp., 51 NY2d 308, 316-317.) Here, it was not necessary that defendant have actual notice of the sash cord lying on the floor. It sufficed that there was actual notice of a defective shade and cord, and general awareness that the cord could therefore fall onto the floor and create a hazard.

We find no reason to disturb the jury's award of damages. Concur—Milonas, J. P., Wallach, Ross, Asch and Smith, JJ.