■ Mae Dickman, Respondent, v Stewart Tenants Corp. et al., Defendants, and P.S. Marcato Elevator, Inc., Appellant. [633 NYS2d 35] —Judgment, Supreme Court, New York County (Norman Ryp, J., and a jury), entered May 1, 1995, awarding plaintiff damages and bringing up for review an order of said court and Justice entered on or about April 7, 1995, denying defendant P.S. Marcato Elevator, Inc.'s motion to set aside the jury verdict which included a finding of damages for future pain and suffering in the amount of $150,000, unanimously affirmed, with costs.

The award for future pain and suffering based upon a seven year life expectancy is not excessive.

The jury's verdict as to liability should not be disturbed. Defendant elevator company was contractually obligated to repair and maintain the elevator in plaintiff's residential building. Contrary to defendant-appellant's contention, negligence could have been inferred from its failure to take any corrective action to repair the elevator after receiving complaints regarding misleveling ranging from two weeks to the day before plaintiff's fall (*Rogers v Dorchester Assocs.*, 32 NY2d 553, 559-562). Defendant's negligence was also established through the application of the doctrine of res ipsa loquitur. The three to six inches of misleveling ordinarily would not occur in the absence of someone's negligence, the elevator was within defendant-appellant's exclusive control, and plaintiff did not in any way contribute to the misleveling (*see, Burgess v Otis El. Co.*, 114 AD2d 784, 785-787, *affd* 69 NY2d 623).

Defendant's claim that plaintiff's expert was not qualified to testify regarding the various causes of misleveling and the amount of time it should take to check an elevator for misleveling is unpreserved (*Tarlowe v Metropolitan Ski Slopes*, 28 NY2d 410, 413). In any event, the expert was qualified to testify regarding these matters as he had 44 years of experience in the installation, maintenance and repair of elevators, includ-

ing his tenure as one of four Staff Field Engineers with Otis Elevator Company.

We have considered defendant-appellant's remaining contention and find it to be without merit. Concur—Ellerin, J. P., Wallach, Nardelli and Williams, JJ.