WEST SIDE CORPORATION, Respondent, v PPG INDUSTRIES, INC., Appellant, et al., Defendants. [639 NYS2d 342]

Defendant PPG Industries, Inc. sold chemicals in bulk to the plaintiff which, in turn, would transfer the liquids to drums for sale to dry cleaners. After shortages arose in the amount of chemical sold to the users as compared to the amount purchased from defendant PPG, in 1979 PPG sent an engineer to inspect plaintiff's premises and concluded there was a problem in the measurement of the chemicals. The premises were again

inspected by defendant's engineers in 1983 and the same conclusion reached. In 1992, plaintiff's lending institution conducted an environmental audit of the premises and discovered a leak in an underground pipe leading from the storage tanks to a warehouse where the chemicals were transferred to the drums. This action followed, with plaintiff alleging that defendant PPG, having undertaken to inspect the system to account for volume discrepancies, was negligent in failing to detect an obvious source of leaks.

The IAS Court found that whether defendant negligently inspected the premises raised a triable issue of fact and in applying the toxic tort statute of limitations (CPLR 214-c) found that the action was brought within three years of the discovery and was, therefore, not time-barred. Defendant's motion for summary judgment on its counterclaim for outstanding receivables owed to it in excess of $185,000 was also denied by the IAS Court.

If defendant PPG undertook to perform inspections of plaintiff's property, even in the absence of any legal duty to do so, PPG became subject to a duty to perform such inspections in a careful manner and not negligently (*see, Glanzer v Shepard*, 233 NY 236, 239-240). However, the record is clear that PPG did not undertake the broad duty claimed by plaintiff to inspect the plaintiff's plumbing for leaks, but simply reviewed the inventory and handling procedures used for the chemicals delivered and provided advice as to measurement and accounting. PPG's relationship to plaintiff as a supplier of the chemical and technical advisor as to the properties of that chemical did not make the defendant the guarantor of the integrity of the plaintiff's storage and plumbing system when that system was under the continuous ownership, operation and control of plaintiff. "The risk reasonably to be perceived defines the duty to be obeyed" (*Palsgraf v Long Is. R. R. Co.*, 248 NY 339, 344). Further, even if defendant is assumed to have had a duty to plaintiff to discover leaks by its inspections, there was no evidence adduced by the plaintiff showing that there *was* any leak in 1979 or in 1983 or for any period of time more than one or two years prior to the inspection of 1992 which should have been discovered by defendant.

Moreover, when dealing with the liability of a "volunteer", "[t]he query always is whether the putative wrongdoer has advanced to such a point as to have launched a force or instrument of harm, or has stopped where inaction is at most a refusal to become an instrument for good" (*Moch Co. v Rensselaer Water Co.*, 247 NY 160, 168). Thus, plaintiff must show

not only that defendant acted negligently in providing its services but also that its conduct in so doing placed the plaintiff in a more vulnerable position that it would have been absent any action by the defendant (*supra*). In this case, the plaintiff's own testimony clearly showed it *never* believed at any time that defendant's assessment of the situation was accurate and, therefore, never relied on the defendant's advice. Accordingly, there was no showing that the defendant's inspections, even if performed negligently, ever placed plaintiff in a more vulnerable position than it would have been in otherwise.

Assuming, as found by the IAS Court, that the applicable statute of limitations is that of CPLR 214-c, the claims raised by plaintiff are time-barred. As noted, there is uncontroverted evidence that plaintiff believed in 1983 that defendant PPG was incorrect in the advice it gave. Thus, plaintiff in fact discovered or should have discovered there was a leak long before this action was commenced, and in any event more than three years before the commencement of this action.

Finally, it appears that plaintiff defaulted in not answering the counterclaim. However, defendant did not enter the default in a timely manner (*see,* CPLR 3215 [c]). Considering the dilatoriness of both parties and the fact that no motion to dismiss the counterclaim was made by plaintiff, we affirm that portion of the order which denied defendant's motion for summary judgment on the counterclaim, sever that claim, and grant plaintiff 20 days after entry of this order to serve a reply to the counterclaim. Concur—Sullivan, J. P., Rosenberger, Nardelli, Williams and Tom, JJ.