■ ABDO ALSAYDI et al., Respondents, v GSL ENTERPRISES, INC., Appellant, et al., Defendant, and GEMINI ELEVATOR CORP., Respondent. [656 NYS2d 691] —In a negligence action to recover damages for personal injuries, etc., the defendant GSL Enterprises, Inc., appeals from an order of the Supreme Court, Kings County (Vinik, J.), dated March 25, 1996, which granted the motion of the defendant Gemini Elevator Corp. for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint and all cross claims insofar as asserted against Gemini Elevator Corp. are reinstated.

The injured plaintiff allegedly sustained serious physical injuries as a result of a fall down an elevator shaft in the office building in which he was employed. The injured plaintiff alleged that due to the absence of a required safety device, he was able to open the manual door on the freight elevator despite the fact that the elevator cab was not present at the landing. He commenced this action against, among others, GSL Enterprises, Inc., the owner of the building, and Gemini Elevator Corp. (hereinafter Gemini), which was allegedly responsible

for maintaining the elevators in the building. The Supreme Court awarded summary judgment to Gemini, crediting Gemini's claims that it was contractually obligated to service only the eight passenger elevators in the building, and not the freight elevator which allegedly caused the injured plaintiff's injuries. We reverse.

It is well settled that an elevator maintenance company owes a duty of care to members of the public, and may be liable for failing to correct conditions of which it is aware, or failing to use reasonable care to "discover and correct a condition which it ought to have found" (*Rogers v Dorchester Assocs.*, 32 NY2d 553, 559). Moreover, a jury may infer negligent inspection and repair in the maintenance of an elevator from evidence that the elevator doors opened in the absence of the elevator cab, and the interlock system, which was designed to prevent such an occurrence, required replacement (*see, Guzman v Saks Fifth Ave. Corp.*, 141 AD2d 801). In this case, notwithstanding Gemini's claims that its 1986 contract with the building's managing agent gave rise only to obligations regarding the passenger elevators, the record demonstrates that an inspection was conducted on April 27, 1994, approximately three weeks prior to the injured plaintiff's fall, by Gemini's subcontractor, and that this inspection covered all 11 elevators in the building. Furthermore, Gemini submitted a bill for this inspection which recited the relevant charges "as per estimate" for 11 elevators. It is clear, notwithstanding the terms of the 1986 maintenance contract, which was to be effective for only 36 months and would have expired in 1989, that Gemini did in fact undertake to inspect all 11 elevators in the building, including the one implicated in the injured plaintiff's accident, and charged a fee for its services. Therefore, Gemini's contention that it was a volunteer and that its inspection of the freight elevator was done "gratuitously" is without merit. Rather, there are issues of fact, *inter alia*, as to whether Gemini provided contractually-agreed-upon services and whether it was negligent in its inspection and/or maintenance of the elevator. Consequently, Gemini is not entitled to summary judgment. Miller, J. P., Joy, Goldstein and Florio, JJ., concur.