■ CHARLES SANZONE et al., Appellants-Respondents, v NATIONAL ELEVATOR INSPECTION SERVICE, INC., Respondent, and MILLAR ELEVATOR INDUSTRIES, INC., Respondent-Appellant. [709 NYS2d 79] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered July 28, 1999, which, *inter alia*, granted the motion of defendant National Elevator Inspection Service (NEIS) for summary judgment and denied the cross motion of Millar Elevator Industries (Millar) for summary judgment dismissing the complaint and all cross claims against it, unanimously modified, on the law, to the extent of denying defendant NEIS' motion, and otherwise affirmed, without costs.

The motion court erred in granting NEIS summary judgment. The record shows that NEIS conducted elevator safety inspections at Macy's for insurance underwriting purposes pursuant to an agreement with Zurich Insurance Co., Macy's general liability and workers' compensation insurer. Although the record evidence does not support an inference that NEIS had an agreement directly with Macy's to maintain or repair the elevator in question, it does raise a question of fact as to whether NEIS, by conducting a New York City-mandated safety inspection of the elevator, at the behest of Zurich, six months before the accident, assumed a duty in tort to exercise reasonable care as to said inspection so as to prevent foreseeable harm to users of the elevator, such as plaintiff. Specifically, an engineer's affidavit submitted by plaintiff raised the issue of whether NEIS negligently inspected the elevator, thus breaching its duty and proximately causing plaintiff's injuries. While safety inspections conducted solely for insurance underwriting purposes do not give rise to liability in an action by an employee of the insured for personal injuries sustained in the course of employment (*see, Jansen v Fidelity & Cas. Co.,* 79 NY2d 867), conducting the City-mandated inspection could give rise to a duty in tort, to users of the elevator (*see, West Side Corp. v PPG Indus.,* 225 AD2d 459, 460; *Matter of James v State of New York,* 90 AD2d 342, 344, *affd* 60 NY2d 737).

The motion court correctly denied summary judgment to Millar. Questions of fact were raised, by the testimony of Macy's chief electrician, as to Millar's role in the maintenance and repair of the elevator at the time of the accident, which, if answered as plaintiffs urge, could result in the imposition of liability upon Millar (*see, Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 589; *Rogers v Dorchester Assocs.*, 32 NY2d 553, 559). Concur—Williams, J. P., Tom, Rubin and Andrias, JJ.