■ IRENE FELDER, Respondent, v HOST MARRIOTT CORPORA-TION, Appellant, and MIDLAND ELEVATOR, INC., Respondent, et al., Defendants. [714 NYS2d 259] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered December 7, 1999, which, to the extent appealed from, denied defendant Host Marriott Corporation's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

The motion court properly concluded that there were triable issues of fact as to whether defendant Host Marriott Corporation had actual and/or constructive notice of the defective condition that purportedly caused plaintiff's injury. Such issues were raised by plaintiff's deposition testimony that she had previously been on the subject elevator when it misleveled, that elevator misleveling on the subject hospital premises occurred about once a week, that others at the hospital had fallen due to elevator misleveling and that many complaints about such misleveling had been lodged with the hospital's maintenance department, which was run by defendant Host Marriott Corporation. Host Marriott's claim that it was relieved of any duty to maintain the elevator since the hospital had retained co-defendant Midland Elevator, Inc. to perform elevator maintenance and repair is significantly undermined by Host Marriott's contract with the hospital, in which Host Marriott undertook to provide over-all maintenance services for the hospital. Moreover, factual questions as to the extent of Host Marriott's responsibility for the maintenance of the hospital's elevators were raised by the deposition testimony of Host Marriott's assistant director of engineering, in which it was acknowledged that, even while Midland pursuant to its contract performed the actual maintenance and repair of the hospital's elevators, Host Marriott still bore and, indeed, exercised supervisory responsibility for elevator maintenance at the hospital (see, Sanzone v National El. Inspection Serv., 273 AD2d 94). Further, we would note that in the circumstances plaintiff might assert the theory of res ipsa loquitur (see, Dickman v Stewart Tenants Corp., 221 AD2d 158; Burgess v Otis El. Co., 114 AD2d 784, affd 69 NY2d 623). Concur—Mazzarelli, J. P., Ellerin, Wallach, Rubin and Saxe, JJ.