OPINION OF THE COURT
Per Curiam.
Judgment entered September 15, 1999 modified by vacating the indemnification award in favor of defendant Schulman against defendant Dover; as modified, judgment affirmed, without costs.
Appeal from order dated August 11, 1999 dismissed, without costs, as the right of direct appeal therefrom terminated with the entry of the judgment (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order were brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).
 A fair interpretation of the evidence supports the jury’s liability verdict, which, in large part, depended upon its assessment of lay and expert witness credibility. Contrary to the argument of the defendant elevator maintenance company (Dover), negligence on its part was reasonably inferred based upon evidence that it failed to properly repair the elevator despite receiving complaints regarding misleveling and related problems prior to plaintiffs accident (see, Rogers v Dorchester Assocs., 32 NY2d 553, 559-562; Dickman v Stewart Tenants Corp., 221 AD2d 158). Defendant Dover’s negligence was also established through proper application of the doctrine of res ipsa loquitur. The six-inch misleveling shown to have caused plaintiffs fall “ordinarily would not occur in the absence of *619 someone’s negligence, [maintenance of| the elevator was within defendant [Dover’s] exclusive control, and plaintiff did not in any way contribute to the misleveling” (Dickman v Stewart Tenants Corp., supra, at 158, citing Burgess v Otis El. Co., 114 AD2d 784, 785-787, affd 69 NY2d 623).
The defendant building owner (Schulman) was not entitled to indemnification against defendant Dover in the circumstances here present, where the trial evidence permitted a finding that Schulman was actively negligent in allowing the elevator to be restored prematurely to service after it initially was shut down and where the jury found Schulman, not Dover, predominantly liable for plaintiff’s injuries (see, Nivens v New York City Hous. Auth., 246 AD2d 520, 522; cf., Mas v Two Bridges Assocs., 75 NY2d 680).
We have considered and rejected the remaining contentions raised by defendants - appellants on their respective cross appeals.
Parness, P. J., Davis and Suarez, JJ., concur.