■ MARIA C. SOLOWIJ, Appellant, v OTIS ELEVATOR Co. et al., Respondents. [742 NYS2d 836] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered November 9, 2000, which granted the motion of defendant Otis Elevator Co. and the cross motion of defendant Cushman & Wakefield, Inc. for summary judgment dismissing the complaint, unanimously modified, on the law, to deny Otis Elevator's motion and to reinstate the complaint as against Otis Elevator, and otherwise affirmed, without costs.

While plaintiff, in response to defendants' prima facie showing of entitlement to judgment as a matter of law, failed to raise any triable issue of fact as whether defendant Cushman & Wakefield had notice of the alleged elevator defect, plaintiff, through his expert's affidavit, did raise a factual issue as to whether defendant Otis Elevator had actual or constructive notice of said defect. Otis was under a contractual obligation to inspect and maintain the elevators in the subject building and the expert's affidavit, based on the expert's review of the deposition testimony and documentary evidence, by lending support to the inference that Otis Elevator did not conduct reasonably prudent inspections of, or competently maintain, the elevator in question, raised a triable issue as to whether Otis Elevator either created or should have known of the defective condition that allegedly caused plaintiff's injury (*see*, *Rogers v Dorchester Assoc.*, 32 NY2d 553; *Burgess v Otis El. Co.*, 114 AD2d 784, *affd* 69 NY2d 623). Concur—Tom, J.P., Andrias, Saxe, Ellerin and Wallach, JJ.