■ BERTHA BANKS, Respondent, v ODD JOB TRADING CORP., Respondent-Appellant, and GENERAL ELEVATOR COMPANY, INCORPORATED, Appellant-Respondent. [750 NYS2d 59] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered on or about May 10, 2002, which granted defendant Odd Job Trading Corp.'s motion to the extent of awarding it summary judgment upon its cross claim for indemnification but denied that portion of the motion seeking summary judgment dismissing the complaint as against Odd Job, and denied the cross motion of General Elevator Company, Incorporated for summary judgment dismissing the complaint and all cross claims against it, unanimously modified, on the law, to deny Odd Job's summary judgment motion in its entirety, and otherwise affirmed, without costs.

The motion court properly held that plaintiff, through her expert's affidavit, raised a triable issue about whether defendants had constructive notice of the deteriorating condition of the escalator, which ultimately led to a complete mechanical failure of its handrail mechanism (*see Solowij v Otis El. Co.*, 295 AD2d 145; *Pantoja v Lindsay Park Hous. Corp.*, 277 AD2d 365). Plaintiff's expert opined that a complete handrail mechanism failure caused plaintiff to fall, a condition which does not

occur spontaneously, and which is always preceded by signs of handrail deterioration, including "multiple instances of handrail slowing and/or stopping" prior to an accident. These expert assertions constituted a sufficient basis for the motion court to find the existence of triable issues regarding constructive notice of the escalator's deteriorating condition (*see Solowij v Otis El. Co., supra*). Specifically, plaintiff has raised issues about whether Odd Job was negligent either in (1) failing to ascertain the escalator's deteriorating condition when turning it on and off each day, or (2) ascertaining that such condition existed, but failing to notify General Elevator Company that repairs were needed. Accordingly, the motion court should not have granted that portion of Odd Job's summary judgment motion seeking indemnification from General Elevator. Concur—Mazzarelli, J.P., Saxe, Ellerin, Lerner and Marlow, JJ.