■ JOSEPH DiPILATO, Respondent-Appellant, v H. PARK CENTRAL HOTEL, L.L.C., Respondent-Appellant, and VJB CONSTRUCTION CORP., Appellant-Respondent, et al., Defendants. VJB CONSTRUCTION CORP., Third-Party Plaintiff-Appellant, v ANGEL ELECTRICAL CONSTRUCTION, Third-Party Defendant-Respondent. [795 NYS2d 518]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered July 1, 2004, which, inter alia, granted so much of the motion by defendant H. Park Central Hotel (HPC) and the cross motions of defendants VJB Construction Corp. (VJB) and A.C.E. Elevator Co. (ACE) for summary dismissal of plaintiff's Labor Law § 240 (1) cause of action, denied so much of that motion and those cross motions as sought summary dismissal of plaintiff's Labor Law § 200 and common-law negligence claims, and granted third-party defendant's cross motion for summary dismissal of the third-party claim for contractual indemnification, unanimously modified, on the law, so much of the court's order as held the doctrine of res ipsa loquitur inapplicable vacated, third-party defendant's cross motion for summary dismissal of VJB's contractual indemnification claim denied, and otherwise affirmed, without costs.

Plaintiff, an electrician's helper employed by third-party defendant Angel, was injured when the passenger elevator in which he and several other construction workers were riding, in the hotel owned by HPC then undergoing extensive renovation, plunged approximately 18 floors to the elevator pit below.

The Labor Law § 240 (1) cause of action was properly dismissed because the elevator was not "an inadequate . . . protective device designed 'to shield the injured worker *from harm directly flowing from the application of the force of gravity to an object or person*'" (*Lindstedt v 813 Assoc.*, 238 AD2d 386, 387 [1997], *lv dismissed* 90 NY2d 1007 [1997], quoting *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993]). Dismissal of the section 200 and common-law negligence claims against HPC was properly denied because there are triable is-

sues with respect to whether HPC exercised control over the elevator or had notice of its defective condition in light of multiple reported instances of malfunctioning (*see Felder v Host Marriott Corp.*, 276 AD2d 276 [2000]). As against ACE, dismissal of these claims was also properly denied. In addition to being hired by HPC to modernize the elevators, ACE was retained to maintain them, and had ample notice of the prior problems (*see Solowij v Otis El. Co.*, 295 AD2d 145 [2002]). Although there is evidence that HPC and ACE shared responsibilities with respect to the elevators, the IAS court erroneously concluded that the doctrine of res ipsa loquitur was inapplicable to these negligence claims because neither of these defendants had *exclusive* control of the elevator in question (*see Felder v Host Marriott Corp.*, 276 AD2d 276 [2000], *supra*). "[T]he doctrine of res ipsa loquitur can be applied even when more than one defendant is in a position to exercise exclusive control" (*Wen-Yu Chang v Woolworth Co.*, 196 AD2d 708, 708 [1993]).

VJB's cross motion for summary dismissal of the section 200 and common-law negligence causes of action was properly denied. VJB, as the construction manager on the project, designated where work would be performed and determined which passenger elevators could be used by the construction workers despite HPC's purported directive that only freight elevators were to be used by the workers. There were also triable issues as to whether VJB had notice of the defective condition of the elevator in light of the multiple reported instances of malfunctioning and the testimony of third-party defendant's workers that problems with the hotel's elevators were common during the renovation project.

Summary dismissal of the third-party complaint was in error. The contract entered into between HPC and Angel clearly manifested an intention for the latter to indemnify VJB (*L.B. Smith, Inc. v Bradley & Williams*, 58 NY2d 672 [1982]; *Margolin v New York Life Ins. Co.*, 32 NY2d 149, 153 [1973]).

We have considered the parties' remaining contentions for affirmative relief and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Friedman, Sweeny and Catterson, JJ.