■ REHENIA PERRY, Respondent, v CITY OF NEW YORK, Appellant. [842 NYS2d 435]—

Order, Supreme Court, Bronx County (Janice L. Bowman, J.), entered on or about August 24, 2006, which, in an action for personal injuries sustained when a visitors' bus owned by defendant City and operated at its Rikers Island Correctional Facility hit a curb, granted plaintiff's motion for summary judgment on the issue of liability, unanimously reversed, on the law, without costs, and the motion denied.

Defendant's employee, a correction officer at Rikers Island, testified at deposition that Department of Correction procedures require that visitors to Rikers Island return the visiting card they are given upon entering the facility to the bus driver upon exiting the bus, and that he personally searched all visitor cards returned for the month of May 2003, but found no card for plaintiff. While the witness did locate an entry in the facility's nonreportable logbook concerning a bus accident on May 11, 2003 and naming a woman who claimed that she and her two daughters were injured, the entry makes no reference to plaintiff. The witness also testified that while visitors "most of the time" turn in their cards, "sometimes they don't," probably because the cards bear the number of the inmate visited, which needs to be remembered by the visitor, and that bus drivers "don't get in a confrontation" if the card is not turned over. On the basis of the latter testimony, the motion court concluded "that a visitor's presence on Rikers' Island cannot be ascertained from the presence or lack thereof of a visitor's card," and granted summary judgment in favor of plaintiff, the only issue raised by defendant being whether plaintiff was on the visitors' bus that jumped the curb on May 11. Drawing all reasonable inferences in favor of defendant, the nonmoving party (see F. Garofalo Elec. Co. v New York Univ., 300 AD2d 186, 188 [2002]), we find the witness's testimony sufficient to raise such issue of fact. Concur—Lippman, P.J., Tom, Nardelli, Gonzalez and Kavanagh, JJ.