■ VICTOR VERDI, Appellant, v TOP LIFT & TRUCK INC., Respondent. [856 NYS2d 605]—

Order and judgment (one paper), Supreme Court, Bronx County (Maryann Brigantti-Hughes, J.), entered on or about May 23, 2005, which granted defendant's motion for a directed verdict on the grounds of insufficient evidence, set aside a jury verdict in plaintiff's favor, and dismissed the complaint with prejudice, unanimously reversed, on the law, without costs, the motion denied and the jury verdict reinstated.

The trial court properly denied the branch of defendant's motion for a directed verdict that was based on the argument that plaintiff's behavior was so reckless as to constitute the sole legal cause of his injuries (*see Soto v New York City Tr. Auth.*, 6 NY3d 487, 492 [2006]). Plaintiff's carelessness in maneuvering the motorized power jack in violation of the written warnings on the machine "did not constitute such an unforeseeable or superseding event as to break the causal connection between his injury and defendant's negligence" (*id.* at 493).

Contrary to defendant's contention, it owed a duty of care to plaintiff, even though it was not in privity with him (*see e.g. Hopper v Regional Scaffolding & Hoisting Co., Inc.*, 21 AD3d 262, 263 [2005], *lv dismissed* 6 NY3d 806 [2006]), based on evidence of its exclusive maintenance and repair contract with his employer (*Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579 [1994]) and plaintiff's detrimental reliance on its continued performance of its contractual duties (*Hopper* at 263; *see generally Eaves Brooks Costume Co. v Y.B.H. Realty Corp.*, 76 NY2d 220, 226 [1990]).

Viewing the evidence in the light most favorable to plaintiff (*see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]), a rational jury could find that defendant negligently performed its

undertaking to repair and maintain the machine that injured plaintiff (*see Rogers v Dorchester Assoc.*, 32 NY2d 553, 557 [1973]). It was the jury's prerogative to reject the testimony offered by defendant (*see e.g. Harding v Noble Taxi Corp.*, 182 AD2d 365, 370 [1992]) that contradicted plaintiff's position that defendant had made (apparently deficient) repairs to the emergency reverse button. Accordingly, the jury verdict, which found defendant 60% negligent and plaintiff 40% negligent, should be reinstated.

The trial court's exclusion of certain testimony that plaintiff sought to offer does not warrant a new trial. Concur—Gonzalez, J.P., Nardelli, Sweeny and McGuire, JJ.