■ KORY KLEINBERG et al., Appellants, v CITY OF NEW YORK et al., Defendants, and TRIBORO BRIDGE AND TUNNEL AUTHORITY et al., Respondents. RONALD VILLA et al., Appellants, v CITY OF NEW YORK et al., Defendants, and TRIBORO BRIDGE AND TUNNEL AUTHORITY et al., Respondents. TRIBORO BRIDGE AND TUNNEL AUTHORITY et al., Third-Party Plaintiffs-Respondents, v KLEINBERG ELECTRIC, INC., Third-Party Defendant-Respondent. START ELEVATOR, INC., Second Third-Party Plaintiff-Respondent, v WASHINGTON INFRASTRUCTURE SERVICES, INC., Second Third-Party Defendant-Respondent. TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY et al., Third Third-Party Plaintiffs-Respondents, v WASHINGTON GROUP INTERNATIONAL, INC., Third Third-Party Defendant-Respondent-Appellant. [877 NYS2d 23]—

Order, Supreme Court, New York County (Donna Mills, J.), entered October 9, 2007, which, to the extent appealed from as limited by the briefs, granted defendants' motions for summary judgment dismissing their claims under Labor Law § 240 (1) and § 200 and common-law negligence, and dismissed as moot all counterclaims and cross claims for contractual indemnification, unanimously modified, on the law, the motions denied with respect to the section 200 and common-law negligence claims, those claims reinstated against defendants Triborough Bridge and Tunnel Authority (TBTA) (sued herein as Triboro Bridge and Tunnel Authority), Metropolitan Transportation Authority (MTA) and Schiavone Construction, the negligence claim reinstated against Start Elevator and the claims for contractual indemnification by TBTA, MTA, Schiavone and third third-party defendant Washington Group International reinstated, as indicated herein, and otherwise affirmed, without costs.

This action arises out of injuries allegedly sustained by plaintiffs Kory Kleinberg, Villa and White while working on a construction project in July 1999 at the Harlem River Lift Bridge connecting Manhattan to Randall's Island. The project called for changing the lifting ropes and cables for the movable bridge, along with replacement of the elevators on either side of the bridge. Plaintiff workers, electricians employed by subcontractor Kleinberg Electric, were injured when the tower C service elevator in which they were riding allegedly went into a free fall or overspeed and crashed at the bottom of the shaft from a height of 80 to 100 feet.

The Labor Law § 240 (1) claims were properly dismissed. The facts show that these injuries were not attributable to the elevation risks contemplated by that section. The elevator was not designed as a safety device within the meaning of the statute (*see DiPilato v H. Park Cent. Hotel, L.L.C.*, 17 AD3d 191, 192 [2005]).

As to the section 200 and negligence claims, TBTA was the bridge owner, so its control of the elevator was nondelegable (*see Wagner v Grinnell Hous. Dev. Fund Corp.*, 260 AD2d 265, 266 [1999], *lv denied* 99 NY2d 502 [2002]). Schiavone, as general contractor, was responsible for calling B&G Elevator or Start in the event of a shutdown, and at times may have attempted its own repairs. TBTA and Schiavone thus had the authority to control the injury-producing activity (*see Sweeney-Kamouh v City of New York*, 180 AD2d 487 [1992]). Moreover, TBTA made the decision to hold off replacing this more-than-60-year-old elevator until this construction project was finished, even though testimony established awareness of weight capacity restrictions and potentially heavy usage, and TBTA's consultant having told Schiavone about weight overloading on many occasions prior to this accident. This created factual issues as to Schiavone's notice of said violations (*see id.*).

The negligence claim against Start should be reinstated because it has not sustained the burden of establishing that it was free from negligence. Start's maintenance contract required it to inspect the safety devices and the condition of the cables and the brakes, to conduct a "no load and full load . . . test of the safety mechanism, [and] overhead speed governors," and to recalibrate and scale the governors for proper tripping speed, if necessary. New York City elevator rules in effect when the bridge was constructed also required a governor and safety device to control in overspeed situations. Testimony established that despite these requirements, the elevator did not have an overspeed governor, and the maintenance reports provided by Start do not indicate what testing was done, if any. Under these circumstances, even discounting the affidavits of plaintiffs' experts, as the motion court did, the documentary evidence and testimony establish triable issues with respect to whether Start "should have known of the defective condition that allegedly caused" plaintiffs' injuries (*Solowij v Otis El. Co.*, 295 AD2d 145 [2002]).

The doctrine of res ipsa loquitur may apply to this case, inasmuch as a free-falling elevator does not ordinarily occur in the absence of negligence (*see e.g. Hodges v Royal Realty Corp.*, 42 AD3d 350, 351-352 [2007]). Moreover, it is yet to be determined whether plaintiffs contributed to the accident. This Court has applied the doctrine to cases involving an elevator malfunction (*see Dickman v Stewart Tenants Corp.*, 221 AD2d 158 [1995]; *Burgess v Otis El. Co.*, 114 AD2d 784 [1985], *affd* 69 NY2d 623 [1986]), and contrary to the motion court's reasoning, the fact that more than one entity may have been in control of the elevator does not preclude the application of the doctrine (*see Felder v Host Marriott Corp.*, 276 AD2d 276 [2000]).

The claims for contractual indemnification were incorrectly dismissed as moot and should be reinstated. Third third-party defendant Washington Group International's claims for contractual indemnification should be conditionally granted. Inasmuch as the Kleinberg Electric contract appears to run afoul of the General Obligations Law with respect to TBTA, MTA and Schiavone, their request for contractual indemnification should be denied without prejudice as premature, subject to a determination on negligence. Concur—Mazzarelli, J.P., Nardelli, Buckley, Acosta and DeGrasse, JJ. [*See* 17 Misc 3d 1116(A), 2007 NY Slip Op 52026(U).]