■ GLENFIELD EFFATT et al., Respondents, v OTIS ELEVATOR Co., Defendant, and NOUVEAU ELEVATOR INDUSTRIES, INC., Appellant. (And a Third-Party Action.) [897 NYS2d 628]—

Order, Supreme Court, Bronx County (Edgar G. Walker, J.), entered August 7, 2008, which, to the extent appealed from, denied defendant Nouveau's motion to dismiss the complaint against it, unanimously affirmed, without costs.

When plaintiff Glenfield Effatt, an employee of Lenox Hill Hospital, leaned against the exterior door of elevator 12 at the hospital, the door gave way and he fell approximately 30 feet to the floor of the empty shaft. Nouveau maintained and serviced all the elevators at the hospital.

Plaintiffs raised triable issues of fact as to whether Nouveau was responsible for maintaining and inspecting elevator 12, and whether it had actual or constructive notice of any defects (*see Rogers v Dorchester Assoc.*, 32 NY2d 553 [1973]; *Nye v Putnam Nursing & Rehabilitation Ctr.*, 62 AD3d 767 [2009]; *Solowij v Otis El. Co.*, 295 AD2d 145 [2002]). Notwithstanding that Nouveau's service contract for elevator 12 was designated as

"Limited—Oil & Grease," the contract also delineated numerous duties on Nouveau's part in maintaining and inspecting the elevator. Furthermore, the deposition of Nouveau's elevator service supervisor raised an issue as to whether the "limited" scope of services for elevator 12 related only to billing matters, as he testified that parts and services not related to lubrication would be inspected on elevator 12 after approval by building personnel and for an additional charge for labor and parts. Nouveau did perform an annual inspection of the elevator two months prior to the accident, and performed maintenance work on it only two days prior, which further highlights the issue of whether Nouveau had actual or constructive notice of a defect such as worn-down parts in the doors protecting the hoistway. Concur—Friedman, J.P., Sweeny, DeGrasse, Richter and Manzanet-Daniels, JJ.