■ KEVIN BARTEE, Respondent, v D & S FIRE PROTECTION CORP., Appellant, et al., Defendants. [913 NYS2d 73]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered March 5, 2010, which, in an action for personal injuries sustained by a worker at a school construction site when he fell into a hole created by the removal of a grating, inter alia, denied, without prejudice to renew after further disclosure, defendant-appellant sprinkler system contractor's (appellant) motion for summary judgment dismissing the complaint and all cross claims as against it, unanimously affirmed, without costs.

Appellant's summary judgment motion was premature. The affidavit of its president stating that it did not remove the grating or have any responsibility for it was not based on personal knowledge, and was otherwise conclusory and therefore insufficient to satisfy appellant's prima facie burden on the motion (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Gonzalez v Vincent James Mgt. Co.*, 306 AD2d 226 [2003]). Nor was this deficiency cured by appellant's contract with the school district and "contractor's daily reports" stating that appellant's workers had accessed a "pump-room," a "valve-room," and the basement on days before the accident, and that a worker had finished "exterior WMAG" and "firecaulked floor penetrations" on the day of the accident. In any event, we would

reach the same result even if the foregoing were sufficient to show, prima facie, appellant's lack of involvement in the removal of the grating, since plaintiff provided an acceptable excuse for not showing any countervailing facts, namely, lack of opportunity to depose any of the parties as to their involvement in the removal of the grating, especially appellant's employee who was at the site on the day of the accident (*see Gonzalez,* 306 AD2d 226; *see also Terranova v Emil,* 20 NY2d 493, 497 [1967]). Contrary to appellant's contention that plaintiff's request for additional disclosure is based on mere hope or conjecture that such will reveal favorable evidence, plaintiff's photos of the hole and appellant's daily reports show that facts essential to defeat the summary judgment motion may exist but cannot yet be stated (CPLR 3212 [f]). Concur—Mazzarelli, J.P., Friedman, McGuire, Renwick and Richter, JJ.