■ BARBARA CASEY, as Administratrix of the Goods, Chattels and Credits of KIERAN CASEY, Deceased, Respondent, v NEW YORK ELEVATOR & ELECTRICAL CORPORATION, Appellant, and WINOKER REALTY CO., INC., Respondent. [920 NYS2d 308]—

On September 12, 2008, plaintiff's decedent, Kieran Casey, fell to his death in an elevator shaft at a building managed by defendant Winoker and for which defendant New York Elevator allegedly maintained the elevator.

An elevator company which agrees to maintain an elevator in safe operating condition may be liable to a passenger for failure to correct conditions of which it has knowledge, or failure to use reasonable care to discover and correct a condition which it ought to have found (*Rogers v Dorchester Assoc.*, 32 NY2d 553, 559 [1973]; *Burgess v Otis El. Co.*, 114 AD2d 784, 785 [1985], *affd* 69 NY2d 623 [1986]). That duty is limited, however, to cases where, pursuant to contract, the elevator company has assumed "exclusive control" of the elevator at the time of the accident and no duty can be imparted by a "piecemeal oral contract" (*see Verdi v Top Lift & Truck Inc.*, 50 AD3d 574 [2008]; *Karian v G & L Realty, LLC*, 32 AD3d 261, 263-264 [2006]). There is no evidence in this record that New York Elevator was under contract such to impart a duty upon it to third persons (*see Rogers*, 32 NY2d at 559).

However, even in the absence of a contract, an elevator company can be liable in tort, where it negligently services and/or inspects an elevator (*see Alejandro v Marks Woodworking Mach. Co.*, 40 AD2d 770 [1972], *affd* 33 NY2d 856 [1972]; *Alsaydi v GSL Enters.*, 238 AD2d 533 [1997]). The documentary evidence proffered by New York Elevator, at this stage, does not, as a matter of law, prove that it did not negligently inspect, service or maintain the freight elevator prior to the accident (*Bartee v D & S Fire Protection Corp.*, 79 AD3d 508 [2010]).

Questions of fact also exist as to whether New York Elevator was negligent when it performed prior Department of Buildings inspections (*see Sanzone v National El. Inspection Serv.*, 273 AD2d 94 [2000]; *Alsaydi*, 238 AD2d at 534). The affidavit submitted by New York Elevator's field supervisor was not based on personal knowledge, was otherwise conclusory, and therefore was insufficient to satisfy New York Elevator's prima facie burden on the motion (*see* CPLR 3211 [d]; 3212 [f]; *Bartee*, 79 AD3d at 508). There are also questions of fact as to what the owner and managing agent knew about the condition of the

elevator, preventing a finding at this stage, that any action or inaction of New York Elevator could not have been the proximate cause of the accident (*see McLaughlin v Mine Safety Appliances Co.*, 11 NY2d 62 [1962]; *O'Connor v 595 Realty Assoc.*, 23 AD2d 69 [1965], *appeal dismissed* 17 NY2d 493 [1966]). Concur— Mazzarelli, J.P., Saxe, Renwick, DeGrasse and Richter, JJ.