Michael E. Yant, Respondent, v Mile Square Transportation, Inc., et al., Appellants. [932 NYS2d 67]—

Plaintiff established his entitlement to judgment as a matter of law by stating that he was injured when defendants' school bus hit the rear of the bus on which he was riding (*see Johnson v Phillips*, 261 AD2d 269, 271 [1999]). In opposition, defendants raised a triable issue of fact by attaching the complete police accident report, which listed all of the passengers on the buses and did not include plaintiff's name. This document, which was admissible as a business record (*see Holliday v Hudson Armored Car & Courier Serv.*, 301 AD2d 392, 396 [2003], *lv dismissed in part and denied in part* 100 NY2d 636 [2003]), raised the question of whether plaintiff was actually a passenger on the bus (*see Perry v City of New York*, 44 AD3d 311 [2007]). Accordingly, plaintiff's motion should have been denied and defendants should have been permitted to conduct discovery to determine whether or not plaintiff was indeed a passenger (*see* CPLR 3212 [f]; *Bartee v D & S Fire Protection Corp.*, 79 AD3d 508 [2010]). Concur—Tom, J.P., Andrias, Acosta, Freedman and Richter, JJ.