■ ANDRZEI KAWKA, Appellant, v 135-55 35TH REALTY, LLC, et al., Respondents. (And a Third-Party Action.) [31 NYS3d 173]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Smith, J.), dated January 13, 2014, as granted the separate motions of the defendants 135-55 35th Realty, LLC, and Eltech Industries, Inc., for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff allegedly was injured while pushing a hand truck onto an elevator at the subject premises, which were owned by the defendant 135-55 35th Realty, LLC (hereinafter Realty). The plaintiff was moving items including a stove and cabinet doors from an apartment that was being renovated. The elevator door closed on the cabinet doors, which were not secured in any way, and the doors fell on the plaintiff's left foot. The defendant Eltech Industries, Inc. (hereinafter Eltech), had a contract to perform regular maintenance on the subject elevator. The plaintiff commenced this action to recover damages for his personal injuries, and Realty and Eltech separately moved for summary judgment dismissing the complaint. The Supreme Court granted their separate motions.

The Supreme Court properly granted the motions of Realty and Eltech for summary judgment dismissing the complaint insofar as asserted against each of them. Realty established its prima facie entitlement to judgment as a matter of law by submitting evidence establishing that it did not have actual or constructive notice of any defect in the elevator door (*see Goodlow v 724 Fifth Ave. Realty, LLC*, 127 AD3d 1138 [2015]; *Tucci v Starrett City, Inc.*, 97 AD3d 811 [2012]). In opposition, the plaintiff failed to raise a triable issue of fact.

Eltech established its prima facie entitlement to judgment as a matter of law by submitting the elevator maintenance contract between Eltech and S.W. Management, LLC, which provided that Eltech did not assume possession, management,

or control of any part of the equipment. The contract further provided that Eltech assumed no responsibility for certain items, including hoistway doors or cab doors. An elevator company that agrees to maintain an elevator in safe operating condition may be liable to a passenger for failure to correct conditions of which it has knowledge or failure to use reasonable care to discover and correct a condition which it ought to have found (*see Rogers v Dorchester Assoc.*, 32 NY2d 553, 559 [1973]; *Reed v Nouveau El. Indus., Inc.*, 123 AD3d 1102 [2014]; *Papapietro v Kone, Inc.*, 123 AD3d 894 [2014]). However, this duty is limited to cases where the elevator company has assumed exclusive control of the elevator at the time of the accident pursuant to contract, which Eltech did not do (*see Casey v New York El. & Elec. Corp.*, 82 AD3d 639 [2011]; *Karian v G & L Realty, LLC*, 32 AD3d 261, 263 [2006]). In any event, there is no evidence that Eltech had notice of any defective dangerous condition. The affidavit of Eltech's expert established prima facie that no dangerous or defective condition existed. The affidavit of the plaintiff's expert was insufficient to raise a triable issue of fact in opposition, as it was conclusory, speculative, and unsupported by the record (*see Macias v Ferzli*, 131 AD3d 673 [2015]; *Shapiro v Gurwin Jewish Geriatric Nursing & Rehabilitation Ctr.*, 84 AD3d 1348 [2011]; *Farrell v City of New York*, 67 AD3d 859 [2009]).

Furthermore, Eltech established prima facie that it did not assume a duty of care to the plaintiff, as a third party to its maintenance contract, as it did not launch a force or instrument of harm, the plaintiff did not detrimentally rely on the continued performance of its duties, and it had not entirely displaced the duty of S.W. Management, LLC, to maintain the premises safely (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]). In opposition the plaintiff failed to raise a triable issue of fact.

In light of our determination, we need not reach the parties' remaining contentions. Leventhal, J.P., Dickerson, Cohen and Hinds-Radix, JJ., concur.