■ DARRELL SMITH, Appellant, v EXTELL WEST 45TH STREET LLC et al., Defendants, and KONE, INC., Respondent. [39 NYS3d 773]——

Order, Supreme Court, New York County (Kathryn Freed, J.), entered May 15, 2015, which, to the extent appealed from as limited by the briefs, granted the motion of defendant Kone, Inc. to the extent it sought dismissal of plaintiff's Labor Law § 240 (1) claim and his Labor Law § 241 (6) claim insofar as predicated on violations of Industrial Code (12 NYCRR) § 23-1.7, unanimously modified, on the law, to reinstate that portion of the Labor Law § 241 (6) claim predicated on violation of Industrial Code (12 NYCRR) § 23-1.7 (e), and otherwise affirmed, without costs.

Dismissal was properly granted with respect to plaintiff's Labor Law § 240 (1) cause of action in that plaintiff alleged that he was injured while riding in one of the building's elevators. In this case, the passenger elevator was not a safety device for protecting a construction worker from a risk posed by elevation as contemplated by Labor Law § 240 (1) (*see Kleinberg v City of New York*, 61 AD3d 436 [1st Dept 2009]; *DiPilato v H. Park Cent. Hotel, L.L.C.*, 17 AD3d 191, 192 [1st Dept 2005]; *see also Lindstedt v 813 Assoc.*, 238 AD2d 386 [2d Dept 1997], *lv dismissed* 90 NY2d 1007 [1997]).

The court erred, however, in dismissing that portion of plaintiff's Labor Law § 241 (6) claim to the extent the claim was predicated on violations of Industrial Code (12 NYCRR) § 23-1.7 (e). While there were no facts alleged to support a claim that plaintiff was injured as the result of a slipping hazard, plaintiff's complaint, as supplemented by his affidavit in opposition to defendant's motion, sufficiently alleged that debris was one of the causes of his fall (*see e.g. Picchione v Sweet Constr. Corp.*, 60 AD3d 510 [1st Dept 2009]; *Scotti v Federation Dev. Corp.*, 289 AD2d 322, 323 [2d Dept 2001]). Concur—Friedman, J.P., Andrias, Moskowitz, Gische and Gesmer, JJ.