Escolastico v Rigs Mgt. Co., LLC (2024 NY Slip Op 05769)

Escolastico v Rigs Mgt. Co., LLC

2024 NY Slip Op 05769

Decided on November 19, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 19, 2024

Before: Manzanet-Daniels, J.P., Moulton, Mendez, Rodriguez, Rosado, JJ. 

Index No. 151960/17, 595656/17, 595330/22 Appeal No. 3059 Case No. 2023-03759 

[*1]Angela Escolastico, Plaintiff-Appellant,
v
Rigs Management Co., LLC, et al., Defendants-Respondents.

Rigs Management Co., LLC, et al., Third-Party Plaintiffs-Respondents,
v
Eltech Industries, Inc., Third-Party Defendant-Respondent. [And Another Action]

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Jillian Rosen of counsel), for appellant.
Segal McCambridge Singer & Mahoney, Ltd., New York (Antigone Tzakis of counsel), for Rigs Management Co., LLC and Milbrook Properties, Ltd., respondents.
Gallo Vitucci Klar LLP, New York (Edward M. Tobin of counsel), for Eltech Industries, Inc., respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered June 7, 2023, which, to the extent appealed from as limited by the briefs, granted defendants' motions for summary judgment dismissing the complaint, unanimously modified, on the law, the motion of Rigs Management Co., LLC and Milbrook Properties, Ltd (the building defendants) denied, the complaint reinstated as against those defendants, and otherwise affirmed, without costs.
Supreme Court erred in summarily disqualifying the opinion of Patrick A. Carrajat as an expert. Although Carrajat was not a professional engineer, he nonetheless had the requisite knowledge and experience to render an opinion on the cause of the accident, as he averred that he had been qualified as an elevator expert and testified as an expert witness 120 times in state and federal courts throughout the country (see Price v New York City Hous. Auth., 92 NY2d 553, 559 [1998]; Schechter v 3320 Holding LLC, 64 AD3d 446, 449-450 [1st Dept 2009]; see also Dickman v Stewart Tenants Corp., 221 AD2d 158, 158-159 [1st Dept 1995]). Furthermore, challenges regarding an expert witness' qualifications affect the weight to be accorded the expert's views, not their admissibility (see Rodriguez v Isabella Geriatric Ctr. Inc., 227 AD3d 485, 486 [1st Dept 2024]).
Plaintiff's expert's affidavit creates issues of fact as to both the nature of the incident, and the cause of the incident. While defendants' experts opined that the elevator could not have malfunctioned as plaintiff described, and that the elevator descended to the lobby at regular speed, Carrajat disputed this and posited ways in which the elevator could have malfunctioned that were consistent with plaintiff's account of the accident. Given the conflicting expert affidavits, the building defendants have not established their entitlement to summary judgment (see e.g. Mable v 384 E. Assoc., LLC, 175 AD3d 1127, 1128 [1st Dept 2019]).
The parties' conflicting testimony presents an issue of fact as to whether the building defendants had notice of the allegedly defective condition (see id.). Any internal contradictions in plaintiff's deposition testimony at most present an issue of credibility for the factfinder (see Ferrante v American Lung Assn., 90 NY2d 623, 631 [1997]).
The complaint was properly dismissed as against Eltech, as it had no duty to plaintiff under the three scenarios creating a duty of care to a non-contracting party set forth in Espinal v Mellville Snow Contrs. (98 NY2d 136, 138 [2002]). Plaintiff appears to argue that Eltech's "exclusive" maintenance contract with the building defendants somehow displaced the building owners' safety obligations. However, the maintenance contract was not comprehensive and by its clear terms did not cover maintenance of the elevator parts plaintiff's own expert alleges were implicated in causing the incident, nor does the contract displace the building defendants' obligations to maintain the elevator in a safe condition[*2](see Ileiwat v PS Marcato El. Co., Inc., 178 AD3d 517, 519 [1st Dept 2019]; Fernandez v Otis El. Co., 4 AD3d 69, 72-73 [1st Dept 2004]). Eltech also established that it did not launch a force of harm (see Medinas v MILT Holdings LLC, 131 AD3d 121, 127 [1st Dept 2015]; Kawka v 135-55 35th Realty LLC, 139 AD3d 677, 678 [2d Dept 2016]). Finally, there is nothing in the record to indicate that plaintiff detrimentally relied in some way on the contract between Eltech and the building defendants (id.).
We find that Eltech's maintenance contract was not comprehensive, and the building defendants did not cede all control over the elevator. Accordingly, we cannot say as a matter of law that the doctrine of res ipsa loquitor does not apply to the facts of this case (Carter v New York City Housing Auth., 176 AD3d 605, 606 [1st Dept 2019]; cf. Ezzard v One E. Riv. Place Realty Co., LLC, 129 AD3d 159, 162 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 19, 2024